## 59071. THE STATE v. WELLS.

BANKE, Judge.

The state appeals from the grant of the defendant's motion to suppress evidence that he was in unlawful possession of marijuana.

The defendant was detained and his car searched without a warrant as he was attempting to leave the "Chances R" nightclub. The marijuana was found in a towel on the floorboard. The basis of the search was a tip phoned in to police by a "confidential informant." The officer who received the tip recounted it as follows: "He (the informant) told me that the burgandy colored car, Cutlass, was in the front of the Chances R Lounge on St. Simons, that (the defendant) was in Chances R and had attempted to sell some marijuana and he should be leaving shortly with (a named companion)." The informant did not indicate that he had actually seen any marijuana but told the officer only that the defendant had approached him in the club with an offer to sell it. Although the informant advised the officer that marijuana would be in the defendant's car, he did not disclose how he had obtained this knowledge. *Held:*

The motion to suppress was meritorious and was

properly granted. Even if it is assumed that the informant was reliable, the information which he provided was insufficient to establish probable cause for the search. "[F]or this court to sustain a police officer's determination of probable cause [on the basis of information provided by an informant], the state, at the hearing on the motion to suppress, is required to produce evidence showing . . . (2) that the police officer knew how the informant received the information or else had such detailed information that he knew it to be more than mere rumor or suspicion . . ." *Love v. State,* 144 Ga. App. 728, 735 (242 SE2d 278) (1978). See also Spinelli v. United States, 393 U. S. 410, 4; 6 (89 SC 584, 21 LE2d 637); *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) (1973). The evidence in this case discloses absolutely no basis for the informant's conclusion that there was marijuana in the defendant's car. The state's argument that the tip was corroborated because "[e]ach and every detail including the color and location of the car was confirmed through the [arresting officer's] observation" misses the point, since none of these observations suggested that the defendant was engaged in criminal activity. He was merely seen leaving the nightclub with a companion. That is not the sort of activity which gives rise to probable cause for a search.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 6, 1980.

*Amanda F. Williams, Assistant District Attorney,* for appellant.

*Eugene Highsmith,* for appellee.