61909. THE STATE v. PADGETT.

Shulman, Presiding Judge.

The state appeals the grant of defendant's motion to suppress. We affirm.

The contraband which was the subject of defendant's motion to suppress was seized from defendant's automobile. Although the officer who made the seizure clearly had probable cause to believe that contraband was in the automobile, no search warrant was obtained. We agree with the trial court's holding that exigent circumstances justifying a warrantless search of the automobile did not exist. See *Love v. State,* 144 Ga. App. 728 (242 SE2d 278). See also *Hardwick v. State,* 149 Ga. App. 291 (254 SE2d 384). The officer could have and should have obtained a warrant to search the vehicle.

The pertinent facts are as follows: The arresting officer, an undercover agent, observed contraband in defendant's automobile. Despite the fact that defendant was inside the vehicle at the time of such observation, the officer chose not to arrest the defendant or to seize the evidence at that time in order to effect a sale of additional contraband. The officer subsequently arrested the defendant several hours later at a location miles from where the defendant's vehicle was lawfully and properly parked. Upon defendant's arrest, the officer obtained the keys to the defendant's vehicle. He returned to the automobile and seized the contraband which was the subject of defendant's motion to suppress.

The search of defendant's automobile was obviously not incident to defendant's arrest, since defendant was not in the vicinity of his automobile when his arrest was executed. See *State v. Creel,* 142 Ga. App. 158 (1) (235 SE2d 628); *Love v. State,* supra.

Moreover, since the vehicle was properly parked, the trial court was authorized to find that the vehicle was not properly impounded and searched pursuant to a lawful inventory search. "[T]here is

evidence from which the trial judge could have found that the police were acting not out of a desire to protect the car, but in the hopes of finding the fruits of the defendant's suspected crime. 'In these circumstances the trial court was authorized, though not required, to find from the totality of the circumstances that the impounding of (the defendant's) car . . . pursuant to an arrest unrelated to the car was not required for traffic safety or to protect (the defendant's) property.' [Cit.] Thus, the judge did not err in refusing to find the search to be legal as part of an impoundment of the vehicle." *State v. Creel,* supra, p. 158. See also *Dunkum v. State,* 138 Ga. App. 321 (9) (226 SE2d 133).

The state's attempt to justify the search on the basis of probable cause is similarly without merit. " '(N)o amount of probable cause can justify a warrantless search or seizure absent "exigent circumstances' ". [Cit.)" *Love v. State,* supra, p. 736.

Inasmuch as the state failed to show exigent circumstances to justify the warrantless search of defendant's automobile, the trial court properly granted defendant's motion to suppress the evidence seized.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 24, 1981 —<br>REHEARING DENIED JULY 9, 1981

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellant.
*Al Horn, Barry Hazen,* for appellee.