## 63401. WESLEY v. THE STATE.

DEEN, Presiding Judge.

Wesley was found guilty of a violation of the Georgia Controlled Substances Act and appeals from the denial of his motion to suppress evidence.

1. We first note that under the decision of the Supreme Court in *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981) failure after a denial of motion to suppress to object to the same evidence on the trial of the case will not be considered a waiver of the right to raise this issue on appeal.

2. An informant known only to police by his telephone voice who had on three recent prior occasions furnished information leading to confiscation of drugs telephoned to report three black males (one unknown) at a named lounge selling drugs. The officer relayed this information to two investigators who located the suspect's Cadillac outside the lounge and followed it when the suspect (later recognized as the defendant Wesley) departed in it. There are discrepancies between the recollection of the investigators and that of the agent taking the initial telephone call, but these go to the credibility of the witnesses, not the admissibility of the evidence. Wesley at first eluded pursuit, but was picked up again near the residence of the other two suspects. The car was waved down and both it and the defendant were searched. A folded dollar bill was taken from the defendant's pocket and found to contain cocaine.

(a) Where probable cause depends on a tip, the recipient should be able to show that the informant was reliable, that either the officer knew how the information had been ascertained by his source or else sufficient detail was given to show the information was more than a casual rumor based on reputation or hearsay. *Love v. State,* 144 Ga.

App. 728, 734 (1) (242 SE2d 278) (1978); *State v. Wells,* 153 Ga. App. 308 (265 SE2d 111) (1980); *Devier v. State,* 247 Ga. 635, 638 (277 SE2d 729) (1981). While we may assume that the witness receiving the informant's telephone call knew that he had proved reliable in previous instances, nothing indicates that any circumstances were imparted to indicate how it was known that the men in the lounge were dealing in cocaine. This is necessary for a showing of probable cause.

(b) This case must, in any event, be reversed because the arrest and search were illegal. The suspect had left the building. He was driving his car in a normal manner when stopped, nothing was noted by the officers to arouse suspicion of the driver or the vehicle until a detailed search, admittedly for drugs and not for weapons, uncovered the cocaine in a folded dollar bill in the defendant's pocket. In fact, there is not even any evidence to indicate that the arresting officers checked to see whether the person they were arresting was the person described by the informant as an unknown black male talking to the two identified persons in the lounge. In the absence of a warrant there must be exigent circumstances to authorize a search upon the fruits of which the arrest is sought to be based. *State v. Padgett,* 159 Ga. App. 204 (283 SE2d 36) (1981). No such circumstances appear here. The mere fact that the suspect was in an automobile (and therefore more able to elude pursuit) does not constitute an exigent circumstance unless there is in the first instance probable cause for the arrest. The evidence in this case is insufficient for this purpose.

*Judgment reversed. Sognier and Pope, JJ., concur in the judgment only.*

DECIDED JUNE 28, 1982.

*Marvin W. Mixon,* for appellant.
*Hobart Hines, District Attorney, Columbus B. Burns III, Assistant District Attorney,* for appellee.