65778. GARRETT v. THE STATE.
65779. JOHNSON v. THE STATE.

McMURRAY, Presiding Judge.

These are companion cases. Defendants were jointly indicted, tried and convicted of the offense of burglary of a dwelling house. Defendants separately appeal their conviction and sentence after denial of their separate motions for new trial. *Held:*

1. The state's evidence disclosed the following: The victim of the burglary worked as a teacher's aide at a nearby elementary school, leaving her dwelling at approximately 7:30 a.m. on the date of the burglary. The burglary was not discovered until she returned at approximately 5:15 p.m., finding her carport door had been kicked in and her Sears stereo and speakers had been stolen. Nothing else was discovered as missing. She was able to supply police with the model number of the stolen stereo, but not the serial number.

On the morning in question the local county sheriff observed the defendants together in an automobile at a street or road intersection approximately a mile to a mile and a half from the victim's dwelling house. Sensing that something was wrong, although he had no basis for any suspicious nature, he radioed a deputy sheriff to check out the vehicle. The deputy sheriff patrolling the area spotted the vehicle and followed it approximately one mile, during which time it crossed over the centerline slightly on two occasions. Thus, based on the radio call of "suspicious vehicle" and thinking that the driver may have been driving under the influence, he proceeded to stop the vehicle, at which time he noticed a stereo and speakers in the back seat of the automobile. After identifying the defendants as being out of county residents, he asked consent to search the vehicle, and the driver defendant consented to the search and signed a form to that effect. The deputy sheriff then took the model and serial numbers off the back of the stereo. Verifying that the stereo had not been reported stolen, the defendants were allowed to proceed on their way with a verbal warning.

During the trial the deputy sheriff identified the picture of the stolen stereo (from the victim's instruction manual) as being identical to the stereo that he saw in the back of the automobile in which the defendants were riding. Additionally, the model number that he got off the back of the stereo matched the model number on the stereo manual. Other testimony was offered by the manager of the Sears store, where the stereo catalog purchase was made, that the receipt therefor did not show the stereo serial number, and Sears had no record of the transaction which contained the serial number of the stereo. He further testified that only 287 stereos with model numbers identical to the stolen stereo were sold out of the general distribution point for all Sears catalog sales for a five state area, including Georgia. Thus, the state was unable to connect the serial number of the stolen stereo with that of the Sears stereo observed in the back seat of the automobile in which the defendants were riding.

Each of the defendants has enumerated error to the trial court's refusal to grant a motion to suppress the testimony of the deputy sheriff in considering the pretrial motions and also in failing to strike the testimony during the trial. A police officer is justified in stopping a motor vehicle he sees or suspicions to be violating a traffic law. See *State v. Sanders,* 154 Ga. App. 305, 306 (3) (267 SE2d 906). After that stop the defendant driver of the vehicle granted permission to search the vehicle, and a waiver and consent were executed. In viewing the totality of the circumstances, even considering that the defendant was in police custody at the time of the consent, the evidence does not show that his consent was coerced. *Woodruff v. State,* 233 Ga. 840, 844 (3) (213 SE2d 689). The case sub judice differs on its facts from that of *Wesley v. State,* 162 Ga. App. 737 (293 SE2d 27), wherein there was a reversal because the arrest and search were illegal. Here the vehicle had driven over the centerline on two occasions and the officer stopped the driver to check and determine whether he was driving under the influence. Moreover, he was not formally arrested at that time for any offense. The mere stopping of the vehicle and the search with permission cannot be said to be illegal as was the case in *Wesley v. State,* 162 Ga. App. 737, 738, supra. The trial court did not err in failing to strike the testimony of the deputy sheriff and in refusing to grant the motion to suppress.

2. As to the sufficiency of the evidence to convict, defendant Garrett contends there was error in failing to direct a verdict of acquittal. Defendant Johnson enumerates error in failing to grant his motion for new trial based upon the general grounds. We here consider these two enumerations of error together with reference to the identification of the stereo on which the state relies as to recent possession of stolen property. The defendants cite *Chester v. State,*

144 Ga. App. 717 (242 SE2d 356), that it is absolutely essential that the identification of the stolen property be indisputably established. Of course, the stolen articles here were not recovered. Further, the case sub judice differs from the *Chester* case not only from recent possession, but also from nearby possession, the defendants having been stopped at or near the burglary site, albeit some one mile to a mile and a half away. In this instance, the state showed the stolen property and the stereo observed in the automobile in which the defendants were riding as having the same model numbers and showing how few stereos of that model number were distributed in the southeastern states. The deputy sheriff's testimony was that the stereo he saw in the automobile in which the defendants were riding was identical to the one pictured in the operating instructions given to the victim by Sears. See *Ingram v. State,* 134 Ga. App. 935, 939 (5) (216 SE2d 608); *Palmer v. State,* 146 Ga. App. 290 (3) (246 SE2d 372). Thus, our examination of the record and transcript reveals that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendants guilty beyond a reasonable doubt of the offense of burglary even though they were never observed at the scene and the conviction depends upon facts and circumstances connecting the defendants to the crime. See *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175), and cases cited therein.

3. One of the defendants contends that the trial court erred in denying his motion to sever, contending that the other defendant had admitted all along that it was his stereo and his automobile, which was confirmed by the testimony of his wife. He thus contends he had no knowledge of the stereo whatsoever, merely being a passenger with the other defendant at which time he observed the stereo in the automobile. Further, he contends he lacked standing to challenge the legality of the search and seizure, and this would or could prejudice his defense if he claimed no knowledge that the article was stolen. Thus, he contends the defenses of the defendants were antagonistic to each other. Further, he claims the admission by the other defendant that the article was his property was prejudicial and harmful to this defendant; hence, there was error in the failure of the court to sever. See *Price v. State,* 155 Ga. App. 844, 846 (273 SE2d 225). However, under *Cain v. State,* 235 Ga. 128, 129-131 (218 SE2d 856), the trial court did not err in denying the motion for severance if in fact any such motion to sever was ever made. There were only two defendants and no evidence submitted at trial was admissible solely against one co-defendant and not the other, and their defenses were entirely consistent with each other. We find no merit in this complaint.

*Judgments affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MAY 13, 1983 —
REHEARINGS DENIED JUNE 27, 1983 —

*James R. Dollar, Jr.,* for appellant (case no. 65778).
*Leo W. Clifton, Sr.,* for appellant (case no. 65779).
*Frank C. Winn, District Attorney, Jeffrey P. Richards, Assistant District Attorney,* for appellee.