## 71117. COLLIER v. THE STATE.
(338 SE2d 724)

SOGNIER, Judge.

Appellant was convicted of two counts of violating the Georgia Controlled Substances Act by possessing cocaine and one count of escape from custody. His conviction was reversed by this court with direction that a ruling be made on the merits of appellant's motion to suppress following a proper evidentiary hearing. *Collier v. State,* 171 Ga. App. 214 (319 SE2d 51) (1984). After an evidentiary hearing on appellant's motion was held as directed, the motion was denied and appellant filed the instant appeal.

The evidence at the hearing disclosed that a few minutes before midnight on September 8, 1983 police officer James Millirons of the

Columbus, Georgia Police Department received a call from a confidential informant who stated he had seen appellant in possession of a quantity of cocaine shortly before calling Millirons. The informant told Millirons appellant was in the vicinity of 9th Street and Bonner Avenue in Columbus, and was driving a 1966 Dodge automobile, green and gray, with tag number BOL 469. Millirons and his partner went to the intersection specified and parked; a few seconds later they observed appellant's vehicle travelling west on 9th Street. They followed the vehicle and after appellant made several turns trying to avoid the police, he pulled over to the curb and parked. The police exited their vehicle and appellant also got out of his car and walked toward them; as he did so he laid a pack of cigarettes on the trunk of his car. After checking appellant's identification, Millirons searched him and found a short straw with white powder residue in it in a pocket on appellant's pants leg. Millirons then went to appellant's car, opened the door, and saw a brown paper bag with a box in it under the driver's seat. Millirons opened the bag and box and found several grinding kits with white powder residue in them, a package of materials commonly used for packaging cocaine, and some other items. Millirons then placed appellant under arrest, handcuffed him and put him in the police car. Millirons also checked the cigarette box and found two small packs of cocaine in it. He returned to appellant's car and continued his search, finding a pill bottle with Librium tablets in it. After completing his search Millirons returned to the police car and discovered that appellant had fled.

Appellant contends that the police had no authority to search appellant and his car, as he had committed no crime in the officer's presence and the informant had not indicated that any cocaine was in the car. Appellant contends that under such circumstances the police could only make a brief "Terry" stop, and if they believed he was armed could make a pat-down search for weapons, but could not conduct any further search. These contentions are without merit.

Police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within may conduct a warrantless search of the vehicle, including compartments and containers within the vehicle whose contents are not in plain view, that is as thorough as a magistrate could authorize in a warrant particularly describing the place to be searched. *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572). "[F]or constitutional purposes, there is no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant, since, given probable cause to search, either course is reasonable under the Fourth Amendment." Id. at headnote 2a, 2b.

In the instant case the informant had given information to Millirons in more than 100 cases resulting in arrests and some convictions, so there was no question of the informant's reliability. The informant had seen appellant in possession of cocaine just before calling Millirons and had identified the car appellant was driving and where he was located. While appellant was not running from the police he was trying to avoid them by making frequent turns, and was observed and followed only a few minutes after Millirons received his call from the informant. These facts are sufficient to constitute probable cause to search, which may be provided by reasonably contemporaneous information from a reliable confidential informant. *Williams v. State*, 173 Ga. App. 207, 209 (1) (325 SE2d 783) (1984).

Appellant's contention that the search of his person and his subsequent arrest was unlawful is also without merit. We have found that the officers had probable cause to search appellant's car, and since the information providing probable cause to search the car was the same information providing probable cause to believe that appellant was in possession of contraband, it follows that they had probable cause to search appellant. Where the formal arrest followed quickly on the heels of the challenged search of appellant's person, it is not particularly important that the search preceded the arrest, rather than vice versa. *Rawlings v. Kentucky*, 448 U. S. 98, 111 (4b) (100 SC 2556, 65 LE2d 633); *Berry v. State*, 163 Ga. App. 705, 709 (2) (294 SE2d 562) (1982). Hence, the trial court did not err by denying appellant's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 26, 1985 —
REHEARING DENIED DECEMBER 11, 1985 —

*James A. Elkins, Jr.*, for appellant.
*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.