## A91A0156. RUCKER v. THE STATE.
(406 SE2d 277)

POPE, Judge.

Defendant Allen Rucker, Jr., was indicted for the offenses of trafficking in cocaine and possession of marijuana. We granted defendant's petition for interlocutory appeal of the denial of his motion to suppress the evidence of contraband discovered in a warrantless search of his automobile.

At the suppression hearing the arresting officer testified that previous to the day defendant was arrested he received information from a confidential informant that defendant was selling drugs at several apartment complexes in the area. On the day of the arrest the informant told him defendant was due to make a delivery that day at the apartment complex where he was arrested. Defendant was described only as a black male, but a tag number and model description was given for the car. No evidence was presented concerning the basis of the informant's knowledge; in fact, the officer did not ask the informant how he had acquired the information. As to the informant's reliability, the officer testified he had dealt with the informant in the past on several occasions which had led to convictions, but he could not recall the number of occasions or the dates except to say it was between the years 1986 and 1990.

On the day of the arrest, the vehicle in question was observed "moving from one point to another" for about an hour and after officers waited for defendant in the parking lot of the named apartment complex for about two hours, defendant drove up. The arresting officer asked defendant to step out of the vehicle and, without any further investigation, a search was conducted during which the officer

discovered cocaine under the seat of the car and marijuana in defendant's pocket. The officer admitted the contraband was not in plain view and that the search was not conducted incident to arrest; rather, defendant was arrested only after the contraband was discovered.

The issue is whether the officer had probable cause to conduct a warrantless search of defendant's automobile. The only basis for the search was the information supplied by the informant and the fact that the authorities had observed defendant "moving from one point to another" prior to being stopped. "The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the 'totality of the circumstances' surrounding (1) the basis of the informant's knowledge and (2) the informants' veracity or reliability. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). '(A) deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.' Id. at 233." *McKinney v. State*, 184 Ga. App. 607, 608-609 (1) (362 SE2d 65) (1987). Here, unlike *McKinney*, it is questionable, at best, whether the deficiency in the basis of the informant's knowledge was adequately compensated by the informant's previous record of reliability. Even if the informant was reliable, where no evidence is presented at the suppression hearing to show " 'that the police officer knew how the informant received the information or else had such detailed information that he knew it to be more than mere rumor or suspicion,' " then the information was insufficient to establish probable cause for a search. *State v. Wells*, 153 Ga. App. 308, 309 (265 SE2d 111) (1980) (quoting *Love v. State*, 144 Ga. App. 728, 735 (242 SE2d 278) (1978)), overruled on other grounds, *Parker v. State*, 161 Ga. App. 37 (288 SE2d 852) (1982).

Corroboration of the details of a tip by the personal observation of the investigating officers may be another index of the tip's reliability. *McKinney*, supra. In this case, the only "details" of the tip which were corroborated by the personal observation of the investigating officers were that the defendant moved about to unspecified locations on the day in question and eventually ended up at the apartment complex where the informant stated he would be supplying drugs. However, the evidence showed that defendant's automobile had been observed on at least one previous occasion parked for a long period of time at the complex, suggesting that he may have been living there. Because the evidence showed insufficient corroboration of the details of the tip and insufficient evidence to establish the reliability of the informant, the evidence in this case, unlike that in *McKinney*, did not establish probable cause for a warrantless search. Cf. *Williams v. State*, 173 Ga. App. 207 (1) (325 SE2d 783) (1984) (where the tip involved sufficient details which were corroborated by observation plus

defendant was seen leaving one of the locations identified by the tipster carrying a small paper bag which he placed in the glove compartment of the car). We cannot say here that "any deficiency in the basis of the informant's knowledge was . . . adequately compensated by the totality of the attendant circumstances." *Whatley v. State*, 196 Ga. App. 73, 77 (4) (395 SE2d 582) (1990).

The tip provided the officer with sufficient articulable facts to make an investigatory stop of the defendant. Grounds for a warrantless search may arise during an investigative stop. See *Anthony v. State*, 197 Ga. App. 297 (1) (398 SE2d 580) (1990); *Jones v. State*, 195 Ga. App. 868 (2) (395 SE2d 69) (1990); *Evans v. State*, 162 Ga. App. 78 (290 SE2d 176) (1982); *Stiggers v. State*, 151 Ga. App. 546 (1) (260 SE2d 413) (1979). However, once the defendant was stopped, the officer conducted no investigation or questioning of the suspect but immediately commenced the search. Consequently, unlike the facts in the cases cited above, the search was not proper because it was not based upon probable cause which arose during an investigative stop.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 4, 1991.

*James T. Barfield III*, for appellant.

*Lewis R. Slaton, District Attorney, Alfred D. Dixon, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys*, for appellee.