A93A0341. WILLIAMS v. THE STATE.
(431 SE2d 731)

BLACKBURN, Judge.

The defendant, James Daniel Williams, was charged with possession of marijuana with the intent to distribute, driving under the influence, and driving without a driver's license. The charge against the defendant for driving without a license was nol prossed because the defendant had a valid driver's license. Prior to trial, the defendant filed a motion to suppress the evidence seized as a result of the investigatory stop of May 24, 1991, as well as a motion to reveal the identity of the informant. After a hearing, the trial court denied both motions. In denying the defendant's motion to suppress, the trial judge found that the information that the investigators had was sufficient to establish probable cause to enable the investigators to stop and search the vehicle.

The case proceeded to a bench trial, during which the defendant agreed to various stipulated facts, and the trial court entered its judgment of conviction on the possession of marijuana and the DUI charges. The trial court denied the defendant's motion for a new trial. On appeal, the defendant contends that the trial court erred in denying his motion to suppress because the totality of the circumstances did not support a warrantless search of his vehicle.

At the hearing on the defendant's motion to suppress, Investigator Barbara Irby of the Monroe County Sheriff's Department, testified that at approximately 6:50 p.m. on May 24, 1991, she received a telephone call from a confidential informant. The informant indicated

that at approximately 7:30 in the evening, two white males in a white Toyota, transporting a large quantity of marijuana, would turn left onto Johnsonville Road from I-75 North. Investigator Irby had received information from this informant six months earlier and the information previously received was reliable. The informant talked to the defendant earlier that day and during that conversation, the defendant told the informant that he had some marijuana, the cost of the marijuana, and that it would take him an hour to get it.

Based upon this information from the informant, Investigator Irby requested the assistance of another investigator and both investigators proceeded to the location suggested by the informant at Johnsonville Road. At approximately 7:50 p.m., Investigator Irby saw the vehicle in question and the two investigators followed the vehicle. The defendant, the driver of the vehicle, pulled over to the right shoulder of the road after the investigators placed the blue flashing lights on the dashboard of the unmarked police vehicle. The investigators pulled behind the vehicle, at which time the passenger was observed leaning down in the automobile. Both the defendant and the passenger were asked to exit the vehicle.

As one of the investigators talked with the defendant, he smelled alcohol on his breath and inquired if the defendant had been drinking. The defendant indicated that he had had a few beers. The investigators informed the defendant of the tip concerning marijuana in his vehicle, and asked if they could search the automobile. It is undisputed that the defendant consented to the search of the vehicle. During the consensual search of the defendant's automobile, the investigators discovered a brown paper bag containing nine plastic-wrapped marijuana bags, with a weight of approximately 7.5 ounces, on the floor of the passenger side of the car, and a small plastic bag of marijuana, weighing 23.5 grams, in the glove compartment. The defendant was arrested at the scene for the marijuana charge. Another officer was called to the scene to transport the defendant to the precinct for an intoximeter test.

We agree with the trial court that the investigators had probable cause justifying the stop and search of the defendant's vehicle. In determining probable cause to justify a warrantless search of a vehicle, " '[t]he sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the "totality of the circumstances" surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. [Cit.]' " *Rucker v. State*, 199 Ga. App. 854, 855 (406 SE2d 277) (1991). " ' "(A) deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." [Cit.]' [Cit.]" Id. at 855. "[A]ll the determination of 'probable cause' entails is 'a fair

probability that contraband or evidence of a crime will be found in a particular place.' [Cit.]" *State v. Bassford*, 183 Ga. App. 694, 697 (1) (359 SE2d 752) (1987).

"It appears that the trial court [was] authorized to conclude that the informant's tip, coupled with the officers' corroboration and personal observations, provided sufficient probable cause for an immediate warrantless search. . . ." *Jones v. State*, 191 Ga. App. 332, 333 (381 SE2d 575) (1989). The information from the confidential informant was sufficiently detailed and adequately predicted the defendant's future behavior. In addition, the information provided by the informant was corroborated by the observations of the investigators inasmuch as the investigators saw the defendant and a passenger make a left turn from 75 North onto Johnsonville Road, in a white Toyota, within 30 minutes of the time period predicted by the informant, which indicated that the informant's assertions were true. "Because an informant is right about some things, he is more probably right about other facts. . . ." (Citations and punctuation omitted.) *Bassford*, supra at 697. Moreover, " '[a] valid consent eliminates the need for either probable cause or a search warrant.' [Cit.]" Id. at 698. It is undisputed that the defendant consented to the search of his vehicle by the investigators. "[E]ven assuming that probable cause and exigent circumstances for an immediate search did not exist, the trial court was clearly authorized to conclude that the [investigators] had a sufficient articulable suspicion to justify an investigatory stop of the [two] individuals." *Jones v. State*, supra at 333. As in *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301), where the United States Supreme Court upheld an investigatory stop where a tip provided by an anonymous caller was sufficiently detailed and was corroborated by the observations of the police, the information from the confidential informant in the instant case demonstrated that the informant had inside information, information that the general public would have had no way of knowing.

Considering the totality of the circumstances, including the information provided by the confidential informant and the investigators' visual corroboration of the information, as well as the defendant's voluntary consent to the search, we conclude that the warrantless search of the defendant's vehicle was justified. Accordingly, the defendant's motion to suppress was properly denied by the trial court.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Nancy A. Atkinson*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assis-*

*tant District Attorney*, for appellee.