A94A0379. TURNER v. THE STATE.
(443 SE2d 703)

SMITH, Judge.

Marvin Turner was convicted of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). His motion for new trial was denied.

1. Turner contends the trial court erroneously denied his motion to suppress because no probable cause existed to stop the car or to arrest or search him without a warrant. We do not agree.

The evidence at the hearing on the motion showed that a car driven by Sherman Dickey, in which Turner was a passenger, was stopped by Crawford County law enforcement officers on Highway 341. Sheriff Kerry Dunaway testified that about an hour before the stop, a confidential informant had telephoned him from Atlanta. The informant told him he had seen cocaine in the possession of Turner and Dickey, who had left Atlanta about twenty or thirty minutes before the call and were headed to Crawford County on one of two routes. He described the car and named the occupants. Dunaway testified to the reliability of the informant, and stated that information from this informant had resulted in narcotics arrests and convictions.

Dunaway relayed the information given by the informant to Captain Leon Brown and Deputy Samuel Smith. The three officers then proceeded to various locations in the vicinity to wait for the described car. About an hour after the informant's call, Brown radioed Dunaway that he had spotted the car, and the officers converged on the car and stopped it. They approached and asked the occupants, who were known to Dunaway, to step out. The occupants were patted down. Dunaway informed Dickey that he suspected drugs were being concealed in the car. He asked Dickey for permission to search the car, and Dickey consented. No contraband was found. Because of the information Dunaway had and his confidence in the reliability of the

informant, he summoned a drug dog. The dog searched around the car and "alerted," indicating that there were, or had recently been, drugs in the car. Dunaway observed that during the search Dickey and Turner became increasingly nervous and were sweating despite the cold weather. Dunaway then instructed other officers to search the occupants more closely.

Brown, the only other witness at the hearing, testified that after the dog "alerted," he and Smith took Turner to a building next to the car and asked him to remove his jogging suit. As Turner rolled down the pants, a brown paper bag fell out. The bag contained 49 separately wrapped "hits" of crack cocaine.

The sufficiency of information obtained from a confidential informant to determine probable cause is to be judged by the totality of the circumstances surrounding both the basis of the informant's knowledge and the informant's reliability. *Rucker v. State*, 199 Ga. App. 854, 855 (406 SE2d 277) (1991). As in *Williams v. State*, 208 Ga. App. 737 (431 SE2d 731) (1993), we find the information from the confidential informant in this case "was sufficiently detailed and adequately predicted the defendant's future behavior." Id. at 739. Even if no probable cause existed before the car was stopped, the officers certainly had an articulable suspicion that a crime was being committed sufficient to authorize them to stop the car. *West v. State*, 194 Ga. App. 620 (391 SE2d 673) (1990).

Once the car was stopped, Dickey, who was the driver, gave his consent to a search of the car. No evidence in the record indicates that Turner made any objection. Based on the information they possessed, the officers were also authorized to summon the drug dog to investigate further. They were not required simply to walk away when they found no contraband. *Stiggers v. State*, 151 Ga. App. 546, 547 (1) (260 SE2d 413) (1979).

The warrantless search of Turner's person was justified on two grounds. First, Brown knew the City of Roberta was holding an escape warrant on Turner, authorizing a search incident to a lawful arrest. Second, the dog alerted to the passenger seat of the car, giving probable cause to search Turner, who had been seated there. *Boggs v. State*, 194 Ga. App. 264 (390 SE2d 423) (1990). Consequently, the trial court correctly denied Turner's motion to suppress.

2. Turner also enumerates the general grounds. Contrary to Turner's argument, this case is not analogous to *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880) (1988). In *Claybrooks*, we held the evidence insufficient to support a conviction for trafficking in cocaine because it was based on the uncorroborated testimony of an accomplice. Here, the evidence was uncontroverted that Turner was in possession of the cocaine. Both Brown and Sergeant Michael Deems of the Macon Police Department, who handled the drug dog, testified they saw

the bag of cocaine fall from inside Turner's pants. Further, in his own testimony, Turner conceded the cocaine had been on his person.

The only conflict in the evidence concerned Turner's knowledge that what he was holding was cocaine. Turner testified at trial that when the car was stopped, Dickey tossed the bag to him without informing him of its contents and told him to hide it. However, in response to a defense question, Dunaway testified that Dickey had given the officers a statement in which he maintained he did not know Turner was holding cocaine. The fact question created by this conflict was resolved by the jury against Turner. The jury was authorized to do so, and the evidence was sufficient to support the conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 29, 1994.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Wayne G. Tillis, Assistant District Attorneys,* for appellee.