## A98A0464. DUPREE v. THE STATE.
(502 SE2d 511)

Judge Harold R. Banke.

In a bench trial, Ricky Dupree was convicted of cocaine trafficking. On appeal, Dupree contests the denial of his motion to suppress and challenges the sufficiency of the evidence leading to his arrest.

The underlying case arose from a drug investigation targeting Jerry Allen. A confidential informant, whose services had been employed successfully on prior occasions, specifically detailed how Allen would order, obtain, and distribute cocaine. According to the informant, Allen would place phone calls from inside the Nowhere Bar, then order quantities of cocaine from a source, and then exit the bar to meet nearby with his source. A second confidential informant supplied virtually identical information to another drug agent. While conducting undercover surveillance of Allen near this bar for a few months, law enforcement officers observed several meetings between Allen and Dupree during which they appeared to conduct drug transactions. Less than a week before the arrest here, a surveillance officer observed a suspicious rendezvous between Allen and Dupree, but while attempting to follow Dupree, lost his vehicle in traffic. On the day of Dupree's arrest, the confidential informant beeped Officer Charles Porterfield, who alerted his supervisor, Sergeant T. O. Cochran, about an impending drug deal. Nearly immediately, Cochran and another officer, believing a drug deal was in progress, intercepted Allen and Dupree in Dupree's vehicle and arrested them. Inside Dupree's vehicle, investigators discovered a plastic bag containing powder cocaine and crack cocaine. *Held*:

1. Dupree contends that the trial court erred in denying his motion to suppress because the police lacked probable cause for a warrantless stop and search of his vehicle. We disagree:

The State's evidence showed that a confidential informant with established reliability provided detailed information which had been independently confirmed as investigators shared information obtained during their surveillance of Allen. See *Goodman v. State*, 255 Ga. 226, 229 (13) (336 SE2d 757) (1985) (probable cause may rest upon the collective knowledge of the police when there has been com-

munication among them, rather than solely on the information possessed by the arresting officer).

Where the details of a tip are corroborated by the personal observation of the investigating officers, a reliable informant's tip is sufficient to establish probable cause for a warrantless search. *Wells v. State*, 212 Ga. App. 60, 63 (2) (441 SE2d 460) (1994). In this case, the arresting officer had received information conveyed by a reliable informant that a drug deal was underway, and based on his own personal knowledge, the officer recognized Dupree as well as his vehicle. Under the totality of the circumstances surrounding the arrest, we cannot say that the trial court clearly erred in finding that probable cause existed for officers to execute a warrantless stop and search of Dupree and his vehicle. *Williams v. State*, 208 Ga. App. 737, 738-739 (431 SE2d 731) (1993); *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). Since Dupree failed to show that the trial court's factual or credibility findings were clearly erroneous, those findings must be accepted. *Martinez-Rodriguez v. State*, 195 Ga. App. 491, 493 (4) (393 SE2d 748) (1990); *Durden v. State*, 187 Ga. App. 433, 434 (2) (370 SE2d 528) (1988).

2. Dupree contends that investigators lacked probable cause to arrest him, even assuming arguendo that they had probable cause to arrest Allen. We disagree. Given the exigent circumstances justifying the warrantless search and seizure here, and considering the totality of the circumstances, the trial court did not err in determining that police had probable cause for the arrest. *Archer v. State*, 217 Ga. App. 395, 396-397 (457 SE2d 679) (1995).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 19, 1998.

*James W. Smith*, for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.