## A01A0872. THE STATE v. GUNTER.
### (549 SE2d 771)

JOHNSON, Presiding Judge.

Stanley Gunter was charged with possession of methamphetamine with intent to distribute. The trial court granted Gunter's motion to suppress evidence seized during a search of his person. The state appeals from that ruling. We affirm.

The evidence shows that the Appalachian Drug Task Force conducted a controlled purchase of methamphetamine from Jerry Fricks. Officers executed a search warrant at Fricks' residence. During the search, officers found marijuana drug paraphernalia but did not find methamphetamine.

One of the officers asked Fricks if he could obtain marijuana or methamphetamine from anyone. Fricks named Jackie Tallant, Gunter's co-defendant. Fricks told the officers that he planned to purchase methamphetamine from Tallant at Tallant's residence. He agreed to and called Tallant to set up a buy. Officers recorded the

call. Fricks left a message on Tallant's answering machine, and Tallant returned the call within a few minutes. The officers recorded the conversation. While this tape was played for the trial court, the state never tendered the tape of the telephone conversation into evidence. Moreover, the trial court found that the tape revealed no criminal activity or plan for criminal activity.

According to one officer, Fricks informed him that Tallant and Gunter would be arriving within twenty-five minutes in a tri-colored Ford Bronco. Fricks also told the officer that the men would have methamphetamine and weapons. During the hearing on the motion to suppress, Fricks unequivocally denied calling Tallant to obtain methamphetamine and denied mentioning a drug transaction to officers. He testified that he probably called Tallant about working on Tallant's vehicle. It is undisputed that Fricks had never previously provided information to law enforcement officers.

A deputy with the drug task force testified that a vehicle matching the description given to officers arrived about 25 minutes after the telephone call. Tallant drove the vehicle, with Gunter as a passenger. As the vehicle approached the house, officers did not observe any criminal activity or traffic violation. The vehicle drove to the basement garage of Fricks' residence. At that point, five or more officers approached the vehicle with weapons drawn and physically removed Gunter and Tallant from the vehicle.

The officers placed the men on the ground and searched them. Gunter was placed on the ground with his arms outstretched. The deputy conducted a pat-down search for weapons and felt a "spongy" object in Gunter's back pocket. The object was about the size of a roll of quarters, but not hard like a weapon. It was later determined that the object was contraband. At no time did Gunter consent to the search.

Gunter moved to suppress the contraband found in his pocket, complaining that the officers had no probable cause to detain and search him. The trial court granted the motion to suppress. In its enumerations of error, the state contends that this ruling was erroneous because Fricks was a reliable informant on which the officers could rely for probable cause.

Our responsibility when reviewing a trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the trial court's decision.[1] We must construe the evidence most favorably to uphold the trial court's judgment, and we must adopt the trial court's findings of fact and credibility, unless they are clearly errone-

---

[1] *State v. Wesson*, 237 Ga. App. 789, 790 (516 SE2d 826) (1999).

ous.[2] The findings of the trial court must not be disturbed unless no evidence exists to support them.[3] In the present case, the trial court found that Fricks was not a reliable informant and that the officers did not have probable cause to stop and search Gunter. Because these findings are not clearly erroneous, we must adopt them.

A warrantless arrest may be made only if (1) an offense is committed in the officer's presence or within his immediate knowledge; (2) the offender is trying to escape; (3) the officer has probable cause to believe an act of family violence has been committed; (4) the officer has probable cause to believe that an offense involving physical abuse has been committed against a vulnerable adult; or (5) for other cause if there is likely to be a failure of justice for want of a judicial officer to issue a warrant.[4] The state correctly notes that a warrantless arrest is valid if, at the time the arrest was made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonable, trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. However, the transcript in this case contains sufficient evidence supporting the trial court's conclusion that at the time of Gunter's arrest, the officers did not have reasonable, trustworthy information supporting their contentions that Gunter had committed or was committing an offense.

The record reflects that neither Gunter nor Tallant committed any criminal acts or violations in the officers' presence. Thus, the state must rely on the information allegedly supplied by Fricks to establish probable cause. Generally, probable cause is determined by the totality of the circumstances surrounding the basis of the informant's knowledge and the informant's veracity or reliability.[5] Here, it is undisputed that Fricks had never previously provided information to a law enforcement officer. Moreover, during the hearing on the motion to suppress, Fricks did not recall telling any officer that he intended to buy methamphetamine from Gunter or Tallant. He unequivocally denied calling Tallant to obtain methamphetamine and testified that the recorded telephone conversation was probably about work on a car.

The state relies heavily on the taped telephone conversation between Fricks and Tallant and on an officer's testimony of what he believed was said on the tape. However, not only is the tape not included in the record before this Court, but the trial court found that the telephone conversation revealed no criminal activity or plan

[2] *Tomlin v. State*, 242 Ga. App. 405, 406 (530 SE2d 27) (2000).
[3] *State v. Hanson*, 243 Ga. App. 532, 536 (532 SE2d 715) (2000).
[4] OCGA § 17-4-20 (a).
[5] See *Rucker v. State*, 199 Ga. App. 854, 855 (406 SE2d 277) (1991).

for criminal activity. Without the evidence before us, we must presume that this finding is correct.[6]

The only evidence that drugs would be involved in Gunter's visit to Fricks' home was Fricks' unsubstantiated and untested assertion. Officers did not test the reliability of the information supplied by Fricks. Corroboration of the details of a tip by the personal observation of the investigating officers may establish the reliability of the informant.[7] However, in this case the only details of the tip which were corroborated by the personal observations of the investigating officers were that Gunter and Tallant would arrive in a specified car at a specified time.

The tip may have provided the officers with sufficient articulable facts to make an investigatory stop of Gunter and Tallant.[8] However, once the car was stopped, the officers conducted no investigation or questioning of Gunter and Tallant. Instead, they immediately commenced the search. Consequently, the search was not based on probable cause which arose during an investigatory stop.[9] Likewise, since Gunter's arrest was without probable cause, the search of his person was not incident to a valid arrest and was improper. Considering the totality of the circumstances, and viewing the evidence so as to uphold the ruling of the trial court, we conclude that the trial court did not err in granting Gunter's motion to suppress.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 1, 2001.

*Roger G. Queen, District Attorney, Darrell E. Wilson, Assistant District Attorney*, for appellant.

*Ray & McKinney, Michael K. McKinney, William L. Reilly*, for appellee.

---

[6] See *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459) (1990).
[7] See *Rucker*, supra.
[8] See id. at 856.
[9] Id.