A05A1666. THE STATE v. LANE.
(621 SE2d 862)

BLACKBURN, Presiding Judge.

The State appeals the trial court's grant of defendant Bernard Lane's motion to suppress in this drug possession case. After officers observed Lane's participation in a controlled drug buy, his vehicle was stopped, and he was charged with possession of marijuana with intent to distribute. He moved to suppress all the evidence found during the traffic stop, arguing that the search of his person and the car was invalid.[1] The trial court agreed and granted the motion. The State argues that probable cause existed to arrest Lane, and therefore the search was justified as incident to a lawful arrest. We agree and reverse.

Where, as here, "the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo

---

[1] Lane does not contest the propriety of the stop itself.

appellate review." *Vansant v. State*.[2] Lane argues for the application of the "any evidence" standard, which applies when the ruling below involves a mixed question of fact and law. *State v. Sanders*.[3] We utilize the "any evidence" standard when there is conflicting evidence as to *critical* facts. See, e.g., *State v. Ellison*;[4] *Sanders*, supra. Where, as here, there is no conflicting evidence as to critical facts, the de novo standard is appropriate. *Vansant*, supra (reserving the "clearly erroneous" standard for rulings on motions to suppress where there are disputed facts).

So viewed, the record shows that police officers set up a controlled buy of marijuana from Lane's vehicle using a confidential informant. Prior to the sale, the officers obtained the tag number of Lane's vehicle, along with a description of the car and of its occupants. The officers also copied down the serial numbers from the money to be used for the purchase.

Lane's car was in constant visual contact for the entire transaction. The confidential informant was wired and in radio contact with an observing field officer. The field officer saw the confidential informant make the buy from the passenger in Lane's car. The officer then followed the confidential informant back to the police station to verify the sale and notified other officers in the field. The remaining officers stopped Lane's car using the tag number and description provided.

Once the car was stopped, officers approached the vehicle and asked Lane and his passenger to step out of the car. A substantial amount of marijuana fell out of the passenger's pants leg when he exited the vehicle. The officers then patted down Lane and his passenger for weapons. Having felt what he suspected to be a large number of bills in his pocket during the pat-down, the officer asked Lane to show him the money. One of the bills used in the controlled buy was found in the money Lane removed from his pocket. While the police found no weapons or drugs on Lane, they did find flakes and seeds of suspected marijuana sprinkled throughout his car. Lane was immediately arrested.

Lane sought to suppress all evidence found, including any marijuana, as fruit of a poisonous search of his person and car. At the hearing, no cross-examination was elicited on any of the above critical facts. The trial court granted the motion, but did not set forth its reasons for doing so.

---

[2] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[3] *State v. Sanders*, 274 Ga. App. 393, 394 (617 SE2d 633) (2005).

[4] *State v. Ellison*, 271 Ga. App. 898 (1) (611 SE2d 129) (2005).

On appeal, the State contends that the officers had sufficient probable cause to arrest Lane, and therefore the search was valid as incident to a valid arrest. See *Parker v. State*[5] (search is valid where incident to valid arrest). We agree that the record reveals a more than adequate basis for the arrest. Before the stop occurred, the officers visually witnessed a controlled buy of marijuana from the passenger in Lane's car using a wired confidential informant. Lane's car was in constant visual contact and was pulled over using both a tag number and a description. This constitutes sufficient probable cause to arrest someone for being involved in the distribution of marijuana. See *Whitehead v. State*.[6] See also *Dupree v. State*[7] (finding that evidence of illegal drug possession provided by confidential informant and independently verified by police justified warrantless stop and search of vehicle); *Vaughn v. State*[8] (finding that prior sales of illegal drugs provided probable cause for arrest and search of defendant).

The fact that Lane was searched before his arrest, instead of after, does not affect the validity of the search. As the United States Supreme Court has explained, "[w]here the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*.[9] That is because the probable cause for the arrest existed before the arrest, and the arrest did not rely on the search for its validity. Id. at 111, n. 6. See also *Collier v. State*;[10] *Satterfield v. State*.[11]

"Although, as a matter of judicial economy, we will affirm an order under the 'right for any reason rule,' we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record which was fairly presented in the court below." *Bailey v. Hall*.[12] We cannot find a legal basis here, because the unrebutted testimony on all critical facts established probable cause to arrest, thus making the search valid as incident to a valid arrest.

*Judgment reversed. Miller and Bernes, JJ., concur.*

## DECIDED OCTOBER 12, 2005.

[5] *Parker v. State*, 218 Ga. App. 770, 771 (1) (463 SE2d 70) (1995).

[6] *Whitehead v. State*, 258 Ga. App. 271, 273 (1) (a) (574 SE2d 351) (2002).

[7] *Dupree v. State*, 232 Ga. App. 573, 574 (1) (502 SE2d 511) (1998).

[8] *Vaughn v. State*, 173 Ga. App. 716, 717 (1) (327 SE2d 747) (1985).

[9] *Rawlings v. Kentucky*, 448 U. S. 98, 111 (II) (C) (100 SC 2556, 65 LE2d 633) (1980).

[10] *Collier v. State*, 177 Ga. App. 217, 219 (338 SE2d 724) (1985).

[11] *Satterfield v. State*, 251 Ga. App. 141, 144 (553 SE2d 820) (2001).

[12] *Bailey v. Hall*, 267 Ga. App. 222, 223, n. 1 (599 SE2d 226) (2004).

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellant.

*Jackson & Schiavone, Michael G. Schiavone*, for appellee.