## 74821. MENDEZ v. THE STATE.

(363 SE2d 262)

BANKE, Presiding Judge.

Alejandro Mendez was indicted, tried by a jury and convicted of a violation of the Georgia Controlled Substances Act (trafficking in cocaine). He appeals from the denial of his motion for new trial. *Held*:

1. In his first enumeration of error, the appellant contends the trial court erred in denying his motion for directed verdict of acquittal. The cocaine was seized from an automobile which the appellant was driving on I-75 in Whitfield County, Georgia. The evidence showed that the appellant had rented this vehicle the previous day in Miami, Florida. Three bags of cocaine were found under the back seat, two of which were wrapped in a Miami Herald newspaper dated the previous day, i.e., the day the automobile was rented. The appellant argues that the mere presence of the contraband under the back seat of the car was insufficient to sustain a conviction where there was an opportunity for access by others, including a passenger who was also arrested and indicted but who failed to appear for the trial of the case.

The equal access rule, "as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner or driver. [Cits.]" *Castillo v. State*, 166 Ga. App. 817, 821-822 (305 SE2d 629) (1983). However,

"[i]f two or more persons shared actual or constructive possession of a thing, possession is joint." *Thomas v. State*, 153 Ga. App. 686, 689 (266 SE2d 335) (1980).

As it was shown that the appellant was both the driver and the renter of the car, and as it was evident that the cocaine was placed under the back seat no earlier than the day he rented the vehicle, we hold that a rational trier of fact would have been authorized to conclude beyond a reasonable doubt that he was in knowing possession of the contraband, either by himself or jointly with the passenger. Consequently, we hold that the trial court did not err in denying the appellant's motion for a directed verdict.

2. The appellant contends that the search which preceded the seizure of the contraband was unlawful in that the arresting officer employed deceitful means to induce him to give his written consent to the search. However, based upon our examination of the transcript of the hearing on the appellant's motion to suppress, we conclude that the officer's testimony supported the trial court's determination that the appellant voluntarily consented to the search of the vehicle. Consequently, we hold that the court did not err in denying the motion to suppress. See *Weaver v. State*, 178 Ga. App. 91, 92 (341 SE2d 921) (1986).

3. The appellant enumerates as error the failure of the trial court to charge the jury that the flight of the passenger could be considered evidence of his (the appellant's) innocence. It is, of course, the law of this state that the flight of a defendant is a factor which the jury is authorized to take into account in determining his guilt or innocence. See *Carter v. State*, 180 Ga. App. 269 (349 SE2d 19) (1986). However, we are aware of no authority, and none is offered by the appellant, which would suggest that, as a general legal principle, the flight of one co-defendant constitutes evidence of the innocence of another. While the appellant's counsel was certainly free to argue this theory to the jury, as he in fact did, the court clearly did not err in failing to give such a charge.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 3, 1987 —
REHEARING DENIED NOVEMBER 19, 1987 —

*John M. Comolli, Marsha L. Sutherland*, for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.