77903. BROWN v. THE STATE.
(378 SE2d 357)

BENHAM, Judge.

Following his arrest at Atlanta's Hartsfield International Airport, appellant was found guilty in a bench trial of trafficking in cocaine. His sole enumerated error on appeal stems from the denial of his motion to suppress. Appellant contends that the evidence obtained by a search of his person, which netted 427 grams of pure cocaine, was the fruit of an illegal arrest.

The arresting officer testified that she was an Atlanta police officer temporarily assigned to the Drug Enforcement Administration

Task Force at the airport. An airline employee in Atlanta informed the officer telephonically that two men with round-trip tickets from Little Rock to Miami and with only a small tote bag between them, had approached the Miami departure gate together. The employee noted that the tickets had been purchased with cash and that the two men, named Hill and Brown, were scheduled to complete their round-trip flight that evening. The officer investigated and found that the men had made their reservations together and had given a Little Rock telephone number as a contact number. When the officer called the Little Rock number, the woman who answered was "unfamiliar with a Mr. Hill," but when asked about people named Hill and Brown traveling to Miami, mentioned a man named Hill and a woman named Brown.

Later that evening, accompanied by two task force agents to whom she imparted all the information she had gathered, the officer observed the two men previously described to her deplane together from a flight from Miami and ask for the location of the departing flight to Little Rock. The officer approached the duo and identified herself to appellant, who appeared startled but agreed to stop and talk with her. However, Hill, his companion, continued walking down the concourse. When one of the task force agents approached Hill, he shoved the agent and ran down the concourse. The officer with appellant noticed that Hill, while running, was "sticking his hand down his pants like he was trying to get something out of his pants." Based on her previous experience that many drug couriers conceal contraband in the crotch area of their bodies, the officer believed that appellant's fleeing companion was trying to remove contraband from his pants. The officer locked her arm through appellant's arm and told him not to go anywhere. While they witnessed the chase of appellant's companion, appellant volunteered to the officer that he did not know who the fleeing man was, a comment the officer categorized as "unusual," since she knew they had made their reservations together and had traveled together from Little Rock to Miami to Atlanta, and she had seen them deplane together and converse with each other. The officer then escorted appellant to a private airline office, where she examined his ticket and asked for identification. The other agents then escorted the captured Hill into the room, where they noticed a bulge in his pants. A large wrapped package of suspected cocaine was removed from Hill's groin area, and appellant was informed he was under arrest. Appellant consented to a search of his person and the tote bag, and his pants were unzipped when one of the agents noticed a bulge. A package, later determined to be cocaine, was removed from appellant's groin area.

Appellant contends he was arrested without probable cause when the officer locked her arm through his and told him not to go any-

where. "A 'warrantless arrest' is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. [Cits.]" *Callaway v. State*, 257 Ga. 12 (2) (354 SE2d 118) (1987). Assuming, without deciding, that appellant was arrested when the policewoman locked her arm with his, we conclude that her action was supported by probable cause. At the moment the arrest was made, assuming again that the officer's action constituted an arrest, the officer knew that appellant and Hill had exhibited several characteristics which, in her experience, were usually exhibited by drug couriers; appellant and Hill were traveling together; Hill had assaulted a task force agent who asked to speak with him; and Hill had fled from the task force agents while attempting to remove something from inside his pants, a place the officer knew was often used by drug couriers to conceal contraband. Exhibition of drug courier characteristics, coupled with flight, constituted probable cause to arrest Hill. *Brown v. State*, 188 Ga. App. 417, 419 (373 SE2d 99) (1988); *Banks v. State*, 187 Ga. App. 280 (1) (370 SE2d 38) (1988). Appellant's exhibition of drug courier characteristics, the officer's knowledge that appellant and Hill had made their reservations together and were traveling together, when coupled with the flight of appellant's companion and his attempt to rid himself of something in his pants, constituted probable cause to arrest appellant as a party to the crime. Thus, even if it is assumed appellant was arrested when the officer locked her arm in his, the arrest was supported by probable cause.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*John W. Guest*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.