A89A1867. SCOTT v. THE STATE.
(387 SE2d 31)

BANKE, Presiding Judge.

The appellant was convicted of possession of cocaine with intent to distribute. He contends on appeal that the trial court erred in refusing to suppress the contraband on which the conviction was based.

Captain Waters of the Valdosta Police Department testified that around 9:30 or 10:00 p.m. on January 27, 1989, he received a telephone tip that three people were standing in front of a house on Jackson Street engaged in a drug transaction. Waters described Jackson Street as "a known area for drug activity" and stated that the house in question was known to be one "where drug deals . . . go down." In response to the call, he collected two other officers, proceeded down Jackson Street in an unmarked patrol car, and observed the appellant and two other individuals standing together in front of the house. Waters testified that the three men split up upon spotting the patrol car and that at least one of them fled. The appellant, however, did not flee but simply began walking across the street with his hand in his pocket. Waters ordered him to halt and to remove his hands from his pockets, and the appellant complied. The officer then conducted a pat down search of the appellant's person and, feeling a matchbox in his pocket, removed it and opened it, explaining at trial that in his experience matchboxes were "known place[s] where razor blades are kept" by drug users for the purpose of cutting up "crack." The cocaine on which the present prosecution was based was found inside the matchbox. Held:

1. In State v. Billoups, 191 Ga. App. 834 (383 SE2d 198) (1989), we recently upheld a search conducted under circumstances similar to those in the present case, based on a determination that probable cause existed for the defendant's arrest on drug possession charges even before the search was conducted. The arresting officer in that case was on routine patrol at approximately 2:30 a.m., in an area of Valdosta characterized by him as a "highly drug populated area," when he observed the defendant standing on the sidewalk conversing with another man. The two "broke and ran" upon seeing the patrol car, whereupon the officer chased after the defendant on foot and apprehended him. The officer then conducted a pat down search of the

defendant's person and seized from his pocket a film canister containing cocaine. We held that "in the context of the time of day and the location, the [defendant's] flight from the officer provided probable cause for a belief that he was in possession of unlawful contraband, with the result that the search was authorized as a search incident to a valid arrest." Id. at 835.

The present case is, of course, distinguishable from *Billoups* in that the appellant here did not attempt to flee upon spotting the police. However, at least one of his companions did attempt to flee; and it has been held that, for the purpose of determining whether probable cause exists for an arrest, the flight of a companion under such circumstances may be considered indicative of the guilt of the defendant. See *Brown v. State*, 190 Ga. App. 38, 40 (378 SE2d 357) (1989); *Muckle v. State*, 165 Ga. App. 873, 875 (303 SE2d 54) (1983). Cf. *Mendez v. State*, 185 Ga. App. 1, 2 (3) (363 SE2d 262) (1987). The present case is also distinguishable from *Billoups* in that the confrontation at issue here occurred at approximately 10:00 p.m. rather than at 2:30 a.m. However, while the occurrence of furtive activity on a street corner at 10:00 p.m. may not be as suspicious as similar activity occurring at 2:30 a.m., we note that in the present case the appellant and his companions were standing directly in front of a house in which drug transactions were known to occur and that they were observed doing so immediately after the police had received a telephone tip that a drug deal was in progress at precisely that location. We conclude that these circumstances, combined with the immediate dispersal of the men and the flight of at least one of them upon seeing the police, were sufficient to establish probable cause for a belief that the appellant was either in possession of unlawful contraband or was a party to such possession by one or more of his two companions. We accordingly hold that the search of his person was authorized as a search incident to arrest, with the result that the trial court did not err in denying his motion to suppress.

2. Having determined that probable cause existed for the appellant's arrest, we do not reach the issue of whether, had the circumstances warranted merely a limited *Terry* type detention rather than a full-scale arrest of the appellant, the seizure of the matchbox and the examination of its contents would have been permissible as a protective search for weapons.

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs in judgment only.*

DECIDED SEPTEMBER 28, 1989.

*William R. Folsom*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.