## A90A0892. THE STATE v. LAMOTTE.
### (396 SE2d 806)

CARLEY, Chief Judge.

Appellee was indicted for possession of cocaine, driving under the influence and improper lane usage. He filed a pre-trial motion to suppress the cocaine which had been seized during a search of the automobile that he had been driving before being arrested. The State appeals from the grant of appellee's motion, enumerating as error the trial court's failure to conclude that the search of the vehicle was authorized pursuant to a valid arrest of appellee.

"[E]ven when an arrestee is only a recent occupant of a vehicle, the officer ' "may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile" (cit.) . . . even though . . . at the time of the search of such a vehicle, articles in the passenger compartment are "unaccessible" to the arrestee.' [Cits.]" *Cain v. State*, 178 Ga. App. 247, 248 (2) (342 SE2d 742) (1986). Nevertheless " '[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification. [Cit.]' [Cit.]" *Brewer v. State*, 129 Ga. App. 118, 121 (1) (199 SE2d 109) (1973). Compare *Collier v. State*, 177 Ga. App. 217, 219 (338 SE2d 724) (1985).

The transcript of the hearing contains the testimony of the officers that the arrest of appellee for the traffic offenses preceded the search of his car. Thus, the evidence would support a finding that the search was authorized as an incident of appellee's arrest. On the other hand, the transcript also contains appellee's testimony that his car had been searched while the pre-arrest field sobriety tests were being administered. Thus, the trial court could have found that the search preceded the arrest and was not authorized as an incident thereof. It is clear, however, that the trial court did not consider the issue of whether or not the search was authorized as an incident of appellee's arrest for the traffic offenses. The transcript reflects that the trial court was concerned with whether or not the *impoundment* of appellee's car was reasonable. The trial court's written order states that the motion to suppress "cocaine discovered during [the] *inventory* search of [appellee's] vehicle . . . is . . . granted." (Emphasis supplied.) Notwithstanding the invalidity of the search pursuant to impoundment and inventory, the trial court nevertheless could and should have considered whether there was a valid search incident to appellee's arrest for the traffic offenses. See *State v. Holden*, 162 Ga. App. 33 (290 SE2d 130) (1982). See also *Lewis v. State*, 195 Ga. App. 59, 60 (1) (392 SE2d 563) (1990).

" '(W)here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order.' [Cit.] Al-

though, in this case, the evidence was definitely conflicting, a review of the transcript statement of the trial court and of the written order itself reveals clearly that the trial court did not really resolve the disputed issues of fact. The trial court simply held that [an *inventory* search was not justified]. Furthermore, a review of the [transcript statement of the trial court] and the order also indicates that the trial court did not consider [whether the search was valid as an incident to appellee's arrest]. In this connection, we recognize that there is no requirement that the trial judge make specific findings of fact after a hearing on a motion to suppress. [Cit.] Thus, if, on this record containing conflicting testimony, the trial court had simply granted the motion to suppress, we would affirm. [Cit.] In this case, however, the record shows that the trial court did not really make any findings of fact [as to the validity of the search as an incident to appellee's arrest], articulated or not. . . . Accordingly, this case must be remanded to the trial court for redetermination of the relevant issues after consideration of all of the evidence. [Cits.]" *State v. Peacock*, 178 Ga. App. 96, 97 (342 SE2d 364) (1986). See also *Atkins v. State*, 254 Ga. 641 (331 SE2d 597) (1985); *State v. Grimes*, 195 Ga. App. 773 (395 SE2d 42) (1990).

*Judgment reversed and case remanded with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

Thomas J. Charron, *District Attorney*, Debra H. Bernes, Nancy I. Jordan, *Assistant District Attorneys*, for appellant.
Awtrey & Parker, J. Lynn Rainey, for appellee.