## A92A2094. THE STATE v. JARRELLS.
(427 SE2d 568)

CARLEY, Presiding Judge.

Appellee was indicted for carrying a concealed weapon and carrying a weapon without a license. Appellee filed a motion to suppress the weapon, which had been found in a warrantless search of his vehicle. At the hearing on this motion, the following evidence was adduced: A known confidential informant told officers that appellee was sitting in a blue Oldsmobile 98 at a certain address and that he was selling cocaine. Acting on this information, the officers went to the address and discovered appellee sitting in a blue Oldsmobile 98. The officers approached the vehicle and asked appellee to step out. In a search of appellee's person, nothing was discovered. Although no drugs were found in a search of the passenger compartment of the vehicle, a handgun was. On this evidence the trial court found that the officers had a sufficient articulable suspicion to authorize an investigatory detention of appellee, but lacked probable cause to search appellee's vehicle. The trial court accordingly granted appellee's motion to suppress the handgun and the State appeals from that order.

1. The evidence authorized the trial court's finding that the officers lacked probable cause to believe that appellee's vehicle contained drugs and the trial court's conclusion that the officers were, therefore, unauthorized to conduct a warrantless search for those drugs. See *Polke v. State*, 203 Ga. App. 306 (417 SE2d 22) (1992); *Rucker v. State*, 199 Ga. App. 854-855 (406 SE2d 277) (1991).

2. However, the evidence also authorized the trial court's finding that the officers had a sufficient articulable suspicion to authorize an investigatory detention of appellee. See *Rucker v. State*, supra at 855; *Anthony v. State*, 197 Ga. App. 297 (1) (398 SE2d 580) (1990); *Jones v. State*, 195 Ga. App. 868, 869 (2) (395 SE2d 69) (1990); *Stiggers v. State*, 151 Ga. App. 546, 547 (1) (260 SE2d 413) (1979). "[A] tip from an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminality, but information from a *known* informant of unknown reliability has more indicia of reliability than an anonymous telephone tip." (Emphasis supplied.) Daniel, Ga. Crim. Trial Prac. (1992 ed.), § 3-7, p. 62. See *Adams v. Williams*, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972); *United States v. Kent*, 691 F2d 1376, 1379 [3] (11th Cir. 1982). Compare *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992); *Swanson v. State*, 201 Ga. App. 896 (412 SE2d 630) (1991); *Johnson v. State*, 197 Ga. App. 538 (398

SE2d 826) (1990) (discussing *anonymous* tips).

3. Although the trial court found that the officers had a sufficient articulable suspicion to authorize an investigative detention of appellee, it did not purport to address whether the search of appellee's vehicle was authorized as an incident of that detention. It has long been recognized, however, that an officer with an articulable suspicion sufficient to authorize an investigative detention of a suspect is not constitutionally required to place himself in jeopardy and may, under certain circumstances, conduct a preliminary search for weapons. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). "The Supreme Court has 'recognized that investigative detentions involving suspects in vehicles are especially fraught with danger to police officers.' [Cit.]" *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991). Accordingly, "[l]aw enforcement officers who have detained but not arrested the occupants of an automobile may . . . conduct a warrantless search of the automobile passenger compartment, limited to those areas in which a weapon may be placed or hidden, if the officers possess a reasonable belief, based on specific and articulable facts and rational inferences from those facts, that the occupant(s) of the automobile are dangerous and may gain immediate control of a weapon. [Cit.] . . . [If] the police [have] specific and articulable facts and rational inferences from such facts to make them believe that the occupants of [a] car [are] dangerous and could get control of a weapon[, they are] entitled to conduct a warrantless [weapons] search of the passenger compartment of the car, regardless of whether or not . . . the weapon was in plain view, and regardless of the fact that [the occupants were] not under arrest[, and regardless of the existence or non-existence of probable cause to search for contraband or other evidence]." *Newby v. State*, 178 Ga. App. 891, 892 (2) (345 SE2d 102) (1986).

4. The articulable suspicion which the trial court found to exist in the instant case related to appellee's suspected drug activity. "It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed. [Cit.]" *Condon v. State*, 203 Ga. App. 163 (416 SE2d 802) (1992). Despite the trial court's express finding of the existence of an articulable suspicion of appellee's *drug* activity in his *vehicle*, "the trial court did not consider the issue of whether or not the search [of the passenger compartment of appellee's vehicle] was authorized [and conducted] as an incident of appellee's [valid investigatory detention]. . . . Notwithstanding the invalidity of the search pursuant to [probable cause to believe that appellee's vehicle contained drugs], the trial court nevertheless could and should have considered whether there was a valid [weapons] search incident to appellee's [investigatory detention]. [Cits.] . . . [T]he record shows that the trial court did not really make any findings of fact (as to the validity of the search as an inci-

dent to appellee's [investigatory detention]), articulated or not. . . . Accordingly, this case must be remanded to the trial court for redetermination of the relevant issues after consideration of all the evidence. (Cits.)' [Cits.]" *State v. LaMotte*, 196 Ga. App. 713-714 (396 SE2d 806) (1990).

5. *Rucker v. State*, supra at 856 is not precedent for a contrary holding in the instant case. In *Rucker*, the issue of whether the search of the vehicle could be upheld as an authorized weapons search incident to the investigatory stop for suspected drug activity was not addressed. " 'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.' [Cits.]" *Albany Fed. S. & L. Assn. v. Henderson*, 198 Ga. 116, 134 (1) (31 SE2d 20) (1944).

*Judgment reversed and case remanded with direction. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 29, 1993.

*Kenneth W. Mauldin, Solicitor, Jeffery A. Rothman, Assistant Solicitor*, for appellant.
*James W. Smith*, for appellee.