## A93A0201. FOSTER v. THE STATE.
(431 SE2d 400)

JOHNSON, Judge.

Willie James Foster appeals from his conviction of possession of cocaine and the denial of his motion for a new trial.

1. Foster contends that the trial court erred in denying his motion to suppress the cocaine because it was seized pursuant to an illegal detention. "As a general rule, a police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." (Citations and punctuation omitted.) *Hadaway v. State*, 190 Ga. App. 5 (1) (378 SE2d 127) (1989). Here, the police officer testified at the suppression hearing that he received a call that illegal drug activity was taking place on Ninth Street behind Bush & Bush Cafe. After entering the area, the officer observed Foster rapidly walking down Ninth Street. The officer knew Foster and was aware that he had a prior drug conviction. The officer pulled his police car alongside Foster and asked to speak with him. Foster told the officer that he had not done anything, dropped a black leather bag on the ground and ran. The officer got out of his car, retrieved the bag and apprehended Foster. In the bag, the officer found cocaine. The officer arrested Foster and charged him with possession of cocaine.

Under these circumstances, the officer's brief detention of Foster was justified by specific articulable facts giving rise to a suspicion of criminal conduct. A police officer is permitted to conduct a brief investigatory stop "where the officer observes unusual conduct which, when viewed in the light of his experience, causes him to conclude that the individual is involved in criminal activity." (Citations and punctuation omitted.) *Clark v. State*, 183 Ga. App. 838, 839 (1) (360 SE2d 447) (1987). The trial court did not err in denying Foster's motion to suppress.

2. Foster contends that there was insufficient evidence to support his conviction because of conflicts in the testimony of the State's witnesses. It is well settled that the weight of the evidence and the credibility of witnesses are questions for the jury. *Willis v. State*, 201 Ga. App. 182, 183 (410 SE2d 377) (1991). Having reviewed the evidence in the light most favorable to the verdict, we find that there was sufficient evidence such that a rational trier of fact could have found Foster guilty of possession of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993 —
RECONSIDERATION DENIED MAY 25, 1993.

*Lindsey & Jacobs, Tamara Jacobs*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.