A93A0263. DOWDY v. THE STATE.
(433 SE2d 293)

BIRDSONG, Presiding Judge.

Eddie Dowdy appeals his conviction for possession of cocaine. His sole enumeration of error contends the trial court erred by denying his motion to suppress the cocaine because the search and seizure of the cocaine violated OCGA § 17-5-30, Ga. Const. 1983, Art. I, Sec. I, Par. XIII, and the Fourteenth Amendment to the Constitution of the United States. *Held*:

The record shows that Dowdy was a passenger in a car reported stolen. After police stopped the car at approximately 2:30 a.m. and verified that this car had been reported stolen, they employed what they term a felony stop, i.e., the police used extreme caution with their weapons drawn. After the driver was secured, handcuffed, and placed in the police car, Dowdy was ordered to get out of the car and place his hands on the car. One of the officers patted Dowdy down, and during the "pat down," he felt a large object that he believed to be a key ring in Dowdy's pocket. To be certain that the object was only a key ring and not something that could be used as a weapon, e.g., a box cutter, razor blades, etc., the officer reached in Dowdy's pocket and removed the object. When he did so, two pieces of rock cocaine came out of the pocket with the key ring. The officer then

removed another piece of cocaine from the pocket.

Dowdy argues that the seizure of the cocaine was unauthorized because the procedure used by the police was an unauthorized search and not a stop and frisk authorized by *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

In this state, a *Terry* pat-down search is authorized when the officer reasonably believes that it is necessary to protect him from attack. *Wood v. State*, 224 Ga. 121, 124 (160 SE2d 368). Based upon the information known to the officers, e.g., Dowdy was a passenger in a stolen car, and the hour of the night, it was reasonable for the police officers to take precautions for their own safety, including the pat-down search. Although the information reported to the police was that only the driver had taken the car, under the totality of the circumstances, the officers need not disregard the passenger in the car given the number of cases in which police officers are attacked, sometimes fatally, by passengers in vehicles.

"As a general rule, the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." (Citation and punctuation omitted.) *Santone v. State*, 187 Ga. App. 789, 790 (371 SE2d 428). As the trial court's findings of fact in this instance are adequately supported by evidence of record, Dowdy's enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993 —
RECONSIDERATION DENIED JULY 1, 1993 — ▆▆▆▆▆▆▆▆

*Russell C. Gabriel*, for appellant.

*Harry N. Gordon, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.