A93A0772. BURSE v. THE STATE.
(433 SE2d 386)

ANDREWS, Judge.
Burse, convicted of possession of cocaine with intent to distribute
and possession of Hydrocodone, a Schedule III narcotic, appeals
solely on the basis of the denial of his motion to suppress the evidence.

On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990). Here, the conclusions of the trial court are supported by the record as follows: On May 31, 1991, a confidential informant whose name and identity were known to the officers involved appeared in person at the police station to report that Burse had cocaine in his possession and was selling cocaine in the Whitehall area near the Kool Inn. This informant had previously provided information that resulted in an arrest and conviction on a felony charge less than a year prior to this tip. The officers on patrol that evening were already familiar with Burse and had previously stopped him, talked to him, asked to search his vehicle, and done so with his consent. The Whitehall area and the Kool Inn were known as a drug sales area in the community.

Within 20 to 30 minutes of receiving the information from the confidential informant, the officers proceeded to the Whitehall area and observed the truck known to be driven by Burse leaving the area.

While one officer testified that the informant's information was in regard to sales on May 31, the other two officers stated that the information related to repeated sales on the evening of May 30. Either way, it is clear that the informant had seen Burse selling repeatedly and on a regular basis in that area. The officers activated their blue lights and Burse pulled over and got out of the truck and approached the officers. At that point, the officers informed him that

they believed he had been involved in the distribution of drugs and asked for his consent to search his person and the vehicle.[1] Both officers present said that the consent given was as to the person of Burse as well as the vehicle. Burse was instructed to put his hands on the car and the officer began to pat-down his person. At this time, Investigator Bailey noticed an unnatural bulge in the short pants worn by Burse. He patted the bulge and pulled up Burse's shorts leg and observed the corner of a small brown pouch. At this point Burse took his hand off the car and placed his hand over that area, and refused to remove it at the officer's direction. At that point, Investigator Bailey notified Burse that he was under arrest for obstruction of an officer. Investigator Bailey then removed the pouch and discovered 69 pieces of crack cocaine. Burse was then placed in the police car and the truck was searched, resulting in the location of the bank bag. Additionally, $180 in cash was found in Burse's sock. In the glove compartment of the truck a pill bottle with another individual's name was located, containing the Hydrocodone.

The motion to suppress filed below relied upon alleged violations of the "Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 1, Para. 13 of the Constitution of the State of Georgia. . . ." The factual basis supporting these alleged violations, according to the motion, were that the information from the informant was unreliable, that the search and seizure was without probable cause and that the arrest was illegal and not with probable cause.

Here, the argument made relates solely to the reliability of the informant's information and refers only to the federal rights, which is all we will consider. In this case, unlike those relied upon by appellant, the informant was not unknown to the officers investigating the tip. In fact, he arrived in person at the station and provided the alleged perpetrator's name, a description of the locale where he had been operating, and recent observations of the activities, at least within the previous 24 hours. Based upon this, the officers, who were personally familiar with Burse, proceeded to the area which they knew as a high drug area and observed him in the truck they knew to be his leaving the scene.

Thus, not only did the officers know the informant, making him, at least as to them, not anonymous, but they also verified portions of the information provided by him. See *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990); compare *Polke v. State*, 203 Ga. App. 306 (1) (417 SE2d 22) (1992).

---

[1] Burse does not dispute that he did in fact consent to the search of the vehicle, in which a bank bag containing $2,500 in cash was found.

Under these circumstances, the officers had a sufficient articulable suspicion to authorize an investigatory detention of Burse. *Foster v. State*, 208 Ga. App. 699 (431 SE2d 400) (1993); *Brooks v. State*, 208 Ga. App. 680 (431 SE2d 466) (1993); *State v. Jarrells*, 207 Ga. App. 192 (2) (427 SE2d 568) (1993). As stated in *Jarrells*, " '(A) tip from an informant of unknown reliability will not ordinarily create a reasonable suspicion of criminality, but information from a *known* informant of unknown reliability has more indicia of reliability than an anonymous telephone tip.' (Emphasis supplied.)" Id. at 192.

Having concluded that the original detention was appropriate based upon the articulable suspicion of the officers, we need not consider the second enumeration of error. With regard to the issue of the validity of the consent to search, " ' "(W)here there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is evidence to authorize a finding in support of his order." . . . *State v. Swift*, 232 Ga. 535 (2) (207 SE2d 459); [Cits.]' " *State v. Holton*, 205 Ga. App. 434, 437 (2) (422 SE2d 295) (1992).

Therefore, there was no error in the denial of the motion to suppress and the conviction is affirmed.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993.

*Michael O. Horgan*, for appellant.
*Dennis C. Sanders, District Attorney, Robert G. Dunn III, Assistant District Attorney*, for appellee.