A93A1845. WILSON v. THE STATE.
(437 SE2d 867)

JOHNSON, Judge.

Nancy Wilson pled guilty to possession of cocaine, reserving the right to challenge on appeal the trial court's denial of her motion to suppress. *Mims v. State,* 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991). The only evidence presented at the motion to suppress hearing was the testimony of police officer Chuck Keadle. He testified that the police received a tip that a male was selling cocaine in an area "[t]hat's the number one place in the county where drug deals take place." Keadle and several other officers went to that area, where Keadle saw Wilson standing in a group of eight people. Several people in the group were sharing a pipe to smoke suspected crack cocaine, although Keadle did not see Wilson in possession of the pipe. The group scattered as the police approached; some members of the group ran, while others, including Wilson, walked away from the police. Keadle asked two other officers to stop and search Wilson, which they did. The officers did not find any contraband on Wilson, who then agreed, upon Keadle's request, to submit to a urine test. After providing a urine sample, Wilson was informed of her rights and stated that she believed her urine would test positive for cocaine because she had smoked crack twice that day. The urine did in fact test positive for cocaine and was the basis for the crime charged.

Wilson argues that the trial court erred in denying her motion to suppress evidence of the urine test because the officers' initial stop and search of her was illegal and tainted her subsequent consent to submit to the test. " '[A] police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspi-

cion of criminal conduct. What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.' (Citations and punctuation omitted.) [Cit.]" *Foster v. State*, 208 Ga. App. 699 (1) (431 SE2d 400) (1993). Here, Officer Keadle had a reasonable suspicion based on specific, articulable facts that Wilson was involved in criminal conduct when he observed her in a group of people apparently smoking cocaine, saw members of the group run from the police and saw Wilson walk away from the police. "Flight at the approach of law officers is a strong indicium of mens rea. [Cit.]" *State v. Grimes*, 195 Ga. App. 773, 774 (1) (395 SE2d 42) (1990). "[T]he flight of a companion under such circumstances may be considered indicative of the guilt of the defendant. [Cits.]" *Scott v. State*, 193 Ga. App. 74, 75 (1) (387 SE2d 31) (1989). Under the circumstances of the instant case, the officers' investigatory detention of Wilson was authorized and not arbitrary or harassing.

Not only were the officers authorized to effectuate a brief, investigatory stop of Wilson, they were also authorized to conduct a pat-down search of her to determine whether she was armed. *Chaney v. State*, 207 Ga. App. 72 (427 SE2d 63) (1993). "In this state, a *Terry* pat-down search is authorized when the officer reasonably believes that it is necessary to protect him from attack. [Cit.]" *Dowdy v. State*, 209 Ga. App. 311, 312 (433 SE2d 293) (1993). "It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed." (Citations and punctuation omitted.) *State v. Jarrells*, 207 Ga. App. 192, 193 (4) (427 SE2d 568) (1993). At the conclusion of the motion to suppress hearing in the present case, the trial court found that the police had conducted a *Terry* stop and frisk "[t]hat didn't turn up anything." Although Officer Keadle did not fully describe the extent of the search of Wilson, we are compelled to uphold the trial court's finding that the police conducted an appropriate pat-down search of Wilson, rather than a more extensive search, because the most favorable construction of Keadle's entire testimony provides some evidence of a pat-down search. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous. [Cit.]" *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

Because the officers' stop and pat-down search of Wilson was legal, it did not taint her subsequent consent to the urine test. "Where the state seeks to justify a warrantless search on grounds of consent, it has the burden of proving that the consent was, in fact, freely and voluntarily given. A valid consent eliminates the need for either probable cause or a search warrant. The voluntariness of a consent to

search is determined by looking to the totality of the circumstances, including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling." (Citations and punctuation omitted.) *Allen v. State*, 200 Ga. App. 326, 327 (1) (408 SE2d 127) (1991). In the instant case, although Wilson apparently was not advised of her constitutional rights before consenting to the test, the record reveals that at the time of the incident she was 26 years old and was only briefly detained before giving her consent. Wilson was not physically punished and was not subjected to prolonged questioning; rather, she immediately consented to the test upon Officer Keadle's initial request. Moreover, it is clear that Wilson understood the request and its purpose when she stated, after being informed of her rights, that she believed her urine would test positive for cocaine. Compare *Beasley v. State*, 204 Ga. App. 214, 216 (1) (419 SE2d 92) (1992). Under the totality of the circumstances, the trial court did not abuse its discretion in finding Wilson's consent to be lawful and the court properly denied Wilson's motion to suppress.

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority opinion's conclusion that the trial court properly denied the defendant's motion to suppress, because the evidence sought to be suppressed resulted from Wilson's voluntary submission to a urine test. As pointed out in the majority opinion, Wilson, after being advised of her implied consent rights, volunteered that the test results would be positive. I disagree, however, with the majority's statement that under Georgia law, the flight of a defendant's companion may be considered as evidence of the defendant's guilt for the purpose of determining probable cause to arrest.

As support for that proposition of vicarious guilt, the majority quotes from *Scott v. State*, 193 Ga. App. 74, 75 (1) (387 SE2d 31) (1989). However, *Scott* was a two-judge decision, with one judge concurring in the judgment only, and it constitutes a physical precedent only. Rule 35 of the Rules of the Court of Appeals.

*State v. Grimes*, 195 Ga. App. 773, 774 (1) (395 SE2d 42) (1990), cited by the majority opinion is inapposite as it relates to flight *by the defendant* and there was no flight by defendant in the case sub judice.

Further, it does not appear that the cases cited in *Scott* actually purport to set forth such a proposition. In *Muckle v. State*, 165 Ga.

App. 873, 875 (303 SE2d 54) (1983), the defendant himself attempted to flee the scene, and the flight of his co-defendant was merely one of several factors considered to be consistent with the hypothesis of the defendant's guilt. In *Mendez v. State*, 185 Ga. App. 1 (3) (363 SE2d 262) (1987), we rejected the defendant's contention that the flight of a co-defendant constituted evidence of the defendant's *innocence*. In *Brown v. State*, 190 Ga. App. 38 (378 SE2d 357) (1989), the flight of the defendant's known traveling companion was but one of several factors considered *together* with the defendant's own behaviors in determining probable cause to arrest the defendant.

Aside from *Scott*, this court has never formulated the broad proposition that in some circumstances the flight of a defendant's companion indicates guilt of the defendant. I cannot join in the majority opinion's present attempt to do so.

The majority opinion also concludes that the most favorable construction of the evidence supports a finding that the police conducted an appropriate pat-down search of the defendant. However, as noted even by the prosecutor during the hearing on the motion to suppress, the police officer described an actual search of the defendant. For that reason, I also disagree with the majority's conclusion on that point. Nevertheless, even if a full blown search occurred, inasmuch as that search uncovered no evidence, no harm resulted.

DECIDED NOVEMBER 15, 1993.

*Lynn W. Wilson*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.

