A94A0982. WILLIAMS v. THE STATE.
(446 SE2d 792)

McMURRAY, Presiding Judge.

Defendant Williams appeals his conviction of possession of cocaine with intent to distribute and of obstruction of a law enforcement officer. The sole enumeration of error complains of the denial of defendant's motion to suppress evidence. *Held*:

Officer Jones of the Atlanta Police Department's Red Dog section was patrolling with other members of his unit when they heard a loud noise emanating from the vicinity of a social gathering in front of a residence. Officer Jones exited the police vehicle and approached defendant who was drinking from a can of beer. Defendant stated: "You all didn't have to come out here, I didn't do anything, I didn't hit my girlfriend." Officer Jones testified that because of this remark, defendant's apparent intoxication, loud and boisterous conduct, and because it was "kind of dark," he asked defendant to place his hands on the vehicle for the safety of the officers. Defendant refused to do so and after a repetition of the request was refused, Officer Jones physically escorted defendant to the vehicle. A scuffle ensued and defendant was subdued by several police officers. Defendant was then searched and the cocaine found upon his person.

" ' "(A) police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." (Citations and punctuation omitted.) (Cit.)' *Foster v. State*, 208 Ga. App. 699 (1) (431 SE2d 400) (1993)." *Wilson v. State*, 210 Ga. App. 886 (437 SE2d 867). In the case sub judice, Officer Jones had a reasonable suspicion based on specific articulable facts in that defendant's statement to him sug-

gested that defendant had recently committed a crime of violence upon a third person. Although the officers were not responding to any particular call for assistance, the statement made by defendant combined with the additional circumstances noted in regard to defendant's demeanor were sufficient to authorize Officer Jones to make a brief investigatory seizure of defendant and to conduct a minimally intrusive pat-down to determine whether defendant was armed. A pat-down search is authorized when an officer reasonably believes that it is necessary to protect him from attack. *Wilson v. State*, 210 Ga. App. 886, 887, supra. It was not unreasonable for Officer Jones to anticipate that defendant, who was suspected of having recently committed an assault and battery, might be armed.

As the initial seizure of defendant was authorized, defendant's resistance thereto was not, and the subsequent arrest of defendant was neither tainted by an improper initial seizure nor lacking in probable cause. The discovery of the cocaine must then be viewed as having occurred in the course of a legal custodial search.

In so holding, we apply the black letter rule that the trial court's findings on disputed issues of fact and credibility raised by the evidence presented on a motion to suppress evidence will be upheld unless clearly erroneous. *Wilson v. State*, 210 Ga. App 886, 887, supra. In the case sub judice, the defense has argued that the stop of defendant was pretextual, and attempted to support this supposition by showing contradictions between Officer Jones' testimony and an incident report he had earlier filed which may have suggested that defendant's arrest was based on an ordinance violation in drinking the beer on a public sidewalk. The defense also relied upon evidence concerning the conduct of the officers accompanying Officer Jones towards other individuals present at the social gathering. The standard of review of suggested pretextual stops is " ' "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time," and not on the officer's actual state of mind at the time the challenged action was taken.' [Cits.]" *United States v. Smith*, 799 F2d 704, 709 (11th Cir.). We have already applied this standard in reaching our conclusion that the seizure of defendant was justified and we hold that the superior court's ruling on defendant's motion to suppress was authorized by the evidence and is not subject to being overturned because the ruling is contended to be clearly erroneous. *Tate v. State*, 264 Ga. 53 (440 SE2d 646).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 21, 1994.

*William M. Traylor*, for appellant.
*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara,*

*Barbara B. Conroy, Assistant District Attorneys*, for appellee.

