## A94A1123. WHITFIELD v. THE STATE.
(447 SE2d 708)

BLACKBURN, Judge.

Appellant, Phillip Bernard Whitfield, appeals his jury conviction of robbery. His sole enumeration of error is that there is insufficient evidence to support the verdict.

At trial, Mrs. Chang Oak Song, one of the owner/operators of the S & S Food Store testified that on the morning of February 8, 1994, Whitfield reached over the check-out counter at the store and grabbed approximately $140 in $20 bills from the open cash register. Song positively identified Whitfield at a pre-trial lineup and at trial as the person who robbed her store. Song testified that Whitfield then exited the store and fled in a small white automobile. Song followed Whitfield outside and wrote down the license tag number of the vehicle on a brown paper bag.

The police were summoned, and Song gave a physical description of Whitfield to the investigating officers, including information that Whitfield was wearing a black jacket and dark pants and holding sunglasses. Song also described Whitfield's automobile and provided the officers with the license tag number written on the brown paper bag.

Shortly after leaving the crime scene, the officers located a white Nissan Maxima with a license tag number matching that provided by Song in an apartment complex within one-quarter mile of the store. Upon further investigation, Whitfield was discovered in one of the apartments crouching under a blanket in a bedroom. Whitfield was wearing dark pants at the time and possessed keys to the white Nissan parked outside. A subsequent search of the vehicle yielded a black jacket and a pair of tinted safety glasses.

Whitfield testified at trial that he did not commit the crime charged. Whitfield explained he loaned the car to a third party who must have robbed the store. Whitfield also explained that he hid in

the closet because he believed the police were looking for him because he was behind in his child support payments.

"It is well settled that the weight of the evidence and the credibility of witnesses are questions for the jury. [Cit.] Having reviewed the evidence in the light most favorable to the verdict, we find that there was sufficient evidence such that a rational trier of fact could have found [Whitfield] guilty of [robbery] beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Foster v. State*, 208 Ga. App. 699 (2) (431 SE2d 400) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994.

*Patrick G. Longhi*, for appellant.

*Thomas J. Charron*, District Attorney, *W. Thomas Weathers III*, *Debra H. Bernes*, *Nancy I. Jordan*, Assistant District Attorneys, for appellee.