## A97A1502. STEWART v. THE STATE.
### (490 SE2d 194)

ELDRIDGE, Judge.

Appellant James Stewart, Jr., challenges his conviction for possession of cocaine with intent to distribute by asserting that the trial court erred in denying his motion for a directed verdict of acquittal. There was no error.

Appellant was arrested on November 3, 1994 at 2:30 p.m. in Bibb County. He had 11 pieces of crack cocaine in his possession. He was tried by a jury on March 1, 1995. At the end of the State's case, appellant moved for a directed verdict on the basis that "there was no evidence presented to the jury on distribution of the cocaine." The motion was denied, and the jury found appellant guilty of possession of cocaine with intent to distribute. As a recidivist with five prior felonies, appellant was sentenced to life imprisonment without parole under OCGA § 17-10-7 (b). Appellant's motion for a new trial was denied, and this appeal was filed. *Held*:

Appellant asserts that the trial court erred in denying his motion for a directed verdict of acquittal. The appropriate standard of review for such denial is to determine whether the evidence, viewed in the light most favorable to the verdict, is sufficient for a rational trier of fact to find the defendant/appellant guilty beyond a reasonable doubt of the charged offense. *Cody v. State,* 222 Ga. App. 468, 470 (474 SE2d 669) (1996), citing *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harvey v. State,* 212 Ga. App. 632, 634 (442 SE2d 478) (1994). On appeal, appellant no longer enjoys a presumption of innocence. *Grant v. State,* 195 Ga. App. 463, 464 (393 SE2d 737) (1990).

1. Upon making his motion at trial, appellant argued that there was no evidence that appellant actually distributed the cocaine, so that he was entitled to a directed verdict of acquittal. However, appellant's brief to this Court cites no facts or law that support his contention. In fact, appellant makes no argument whatsoever regarding these asserted grounds for reversal. Therefore, there is nothing for this Court to review and this assertion will be treated as abandoned pursuant to Court of Appeals Rule 27 (c) (2).

2. Appellant also argues that he was entitled to a directed verdict of acquittal because the trial court failed to suppress the crack cocaine evidence, when it was allegedly the product of an illegal search. We reject appellant's assertion that the search of appellant was improper.

In reviewing the trial court's ruling on his objection to the admission of the cocaine, the "evidence is construed most favorably to uphold the findings and judgment. The court's findings of fact will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Pickens v. State*, 225 Ga. App. 792 (484 SE2d 731) (1997); see also *Baldwin v. State*, 263 Ga. 524, 525 (435 SE2d 926) (1993); *State v. Williams*, 220 Ga. App. 100, 102 (2) (469 SE2d 261) (1996); *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993).

"A police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing." (Citations and punctuation omitted.) *Williams v. State*, 214 Ga. App. 101 (446 SE2d 792) (1994); see also *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1967) ("*Terry*"); *Burdette v. State*, 210 Ga. App. 471, 473 (436 SE2d 502) (1993); *Clinkscale v. State*, 158 Ga. App. 597, 598 (281 SE2d 341) (1981); *Radowick v. State*, 145 Ga. App. 231, 237 (244 SE2d 346) (1978). In other words, the articulable suspicion which will authorize a *Terry* stop has been defined as whether, under the totality of the circumstances, the law enforcement officer has " 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981)." *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994). "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response. . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Graves v. State*, 138 Ga. App. 327, 328 (226 SE2d 131) (1976), citing *Adams v. Williams*, 407 U. S. 143 (92 SC 1921, 32 LE2d 612) (1972).

Further, incident to the investigatory *Terry* stop, officers are allowed to "pat down" a target "when the officer reasonably believes that it is necessary to protect him from attack. It is not unreasonable

for officers to anticipate that those who are suspected of involvement in the drug trade might be armed." (Citations and punctuation omitted.) *Wilson v. State,* 210 Ga. App. 886, 887 (437 SE2d 867) (1993); see also *Tedford v. State,* 213 Ga. App. 252 (444 SE2d 156) (1994); *Dowdy v. State,* 209 Ga. App. 311 (433 SE2d 293) (1993); *State v. Jarrells,* 207 Ga. App. 192 (427 SE2d 568) (1993); *Hayes v. State,* 202 Ga. App. 204 (414 SE2d 321) (1991).

In defining the parameters of such a pat-down search, the United States Supreme Court, in *Minnesota v. Dickerson,* 508 U. S. 366 (113 SC 2130, 124 LE2d 334) (1993), "approved a 'plain feel' exception to the warrant requirement of the Fourth Amendment, which exception correlates to the 'plain view' doctrine developed earlier. See, e.g., *Arizona v. Hicks,* 480 U. S. 321 (107 SC 1149, 94 LE2d 347) (1987). The Court held that if 'a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons under *Terry*; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.' [*Minnesota v. Dickerson,* supra at] 375-376." *Andrews v. State,* 221 Ga. App. 492, 493 (471 SE2d 567) (1996); see also *Howard v. State,* 220 Ga. App. 579 (469 SE2d 746) (1996). Such is the situation in the case sub judice.

The evidence shows that the arresting officers were told by a reliable confidential informant that appellant's co-defendant, Smith, was "loaded," i.e., "carrying a large quantity of crack cocaine"; the informant was considered by the officers to be "completely" reliable and had assisted the officers on several previous occasions. The police officers approached Smith and patted him down for weapons out of concern for their own safety.[1] At that time, the officers found two match boxes which contained crack cocaine. Smith voluntarily told the officers appellant's name; that appellant had just passed by in a brown car with a female passenger; that appellant had given Smith cocaine to sell; and that appellant still had cocaine in his possession. He also pointed out the brown car in the parking lot to officers, and told the officers that they could find appellant across the street in the J & J Restaurant. One of the police officers independently recalled seeing the brown car arrive in the parking lot a few minutes earlier occupied by a male and a female.

Following up on Smith's information, the officers found appellant

---

[1] We note that, while appellant attempts to question the legality of the pat-down search of his co-defendant, he lacks standing to challenge the alleged search of a third party. See *Delgado v. State,* 192 Ga. App. 356, 357 (384 SE2d 680) (1989); *Gilbert v. State,* 159 Ga. App. 326, 327 (283 SE2d 361) (1981).

in the J & J Restaurant, asked him to step outside, and patted him down for weapons. During the pat down, the officer felt 11 pieces of crack cocaine in appellant's left front pocket of his shirt; the cocaine was removed and sent to a crime laboratory.

Under the totality of the circumstances, we find that the information provided by appellant's co-defendant was sufficiently specific, accurate, and reliable to create a reasonable and articulable suspicion that appellant was engaged in criminal activity. See *Leonard v. State*, 213 Ga. App. 503, 504-505 (445 SE2d 330) (1994). This Court has held that "neither the basis of an informant's knowledge, nor evidence of his veracity, nor corroboration of these elements is an entirely separate and independent requirement to be exacted in every case, but rather these elements are simply useful in illuminating the common sense, practical question whether there is probable cause to believe that contraband or evidence of a crime is located in a particular place." *Leonard v. State*, supra at 504; see also *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983); *Thomas v. State*, 208 Ga. App. 476, 477 (430 SE2d 849) (1993); *McKinney v. State*, 184 Ga. App. 607, 608-609 (362 SE2d 65) (1987). Accordingly, we also find that the evidence supports a determination that the pat down of appellant was incident to a lawful detention.

Further, the cocaine was admissible as evidence either because it was discovered under the "plain feel" doctrine, *Minnesota v. Dickerson*, supra, or because the evidence presented supports a finding that the police officers had probable cause to believe that appellant had contraband on his person. See *Leonard v. State*, supra at 505; *Thomas v. State*, supra at 477.

Therefore, there was no error in the trial court's determination that the confiscated cocaine was not the product of an illegal search. As such, the trial court properly admitted the cocaine into evidence.

Further, after viewing the evidence in the light most favorable to the verdict, we hold that a reasonable factfinder could find appellant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute, so that appellant was not entitled to a directed verdict of acquittal.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1997.

*Cedric T. Leslie*, for appellant.
*Charles H. Weston, District Attorney, Kimberly S. Schwartz, Assistant District Attorney*, for appellee.