### A10A0410. ARNOLD v. THE STATE.
(695 SE2d 402)

ANDREWS, Presiding Judge.

Richard Arnold appeals from the judgment entered after a jury convicted him of possession of cocaine. Arnold contends that the trial court erred in denying his motion to suppress and erred in giving an *Allen* charge[1] in response to the jury's announcement that it was deadlocked. For reasons that follow, we affirm.

The evidence at the hearing on the motion to suppress and at trial[2] was that officers were patrolling on foot at approximately 1:45 a.m. through an area known for "high drug activity," when they saw and heard a group of men in a carport talking loudly and using profanity.

When the officers walked toward the men to tell them to "quiet it down," one of the men, Tolliver, stood up, ran to the side door of the house, and tried to open the door. When he could not open the door, he ran away, throwing something down as he did so. After they caught Tolliver, officers retrieved a prescription pill bottle containing what appeared to be crack cocaine. When the officers arrested Tolliver, the other three men, including Arnold stood up and "began yelling and getting upset." The officers felt threatened and, based on

---

[1] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.70 (4th ed., 2007).

[2] When reviewing a trial court's ruling on a motion to suppress, this Court may consider evidence from both the motion to suppress hearing and the trial. *White v. State,* 263 Ga. 94, 98 (428 SE2d 789) (1993).

their experience that "drugs and guns go together," decided to handcuff the other three men. The officer who handcuffed Arnold discovered that Arnold was holding a plastic bag containing 18 smaller plastic baggies. The baggies were found to contain 2.57 grams of cocaine.

At trial, the State also introduced similar transaction evidence in the form of Arnold's guilty plea to a prior charge of possession of cocaine.

One of the other men present on the night of the arrest testified in Arnold's defense. He stated that the officers went into the house at one point and decided to handcuff the three men only after Arnold stood up and asked them why they had gone into the house. The witness also said that one of the men, Melvin Moss, told the officers that whatever drugs were found were his. Another of the men present testified at the hearing on the motion to suppress. He stated that when the police came running up to them as they sat in the carport, he threw down a bag containing 18 baggies of crack cocaine. He stated that he was handcuffed right beside Arnold at the time.

The case went to the jury and, although Arnold was charged with possession of cocaine with intent to distribute, the jury found him guilty of the lesser included offense of possession of cocaine. This appeal followed.

1. In his first enumeration of error, Arnold argues that the trial court erred in denying his motion to suppress.

> [W]hen a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

*Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994).

Arnold argues that the officers' conduct in forcing him to the ground and handcuffing him was unlawful. Arnold contends that he did nothing to justify the officers' conclusion that he was armed or presented a danger to them.

The officers were authorized to detain the men after Tolliver fled and was found to be in possession of drugs. This Court has held that, under certain circumstances, the flight of a companion may provide probable cause for arrest. See *Brown v. State*, 190 Ga. App. 38, 40

(378 SE2d 357) (1989); *Scott v. State*, 193 Ga. App. 74, 75 (387 SE2d 31) (1989) (physical precedent only). Here, Tolliver had not only fled, but had thrown down a bottle containing what appeared to be crack cocaine.

The officers were authorized to handcuff the men and pat them down for weapons. When the officers were trying to arrest Tolliver, Arnold and the other men started protesting and walking toward the officers in a threatening manner. The officers did not know whether the men were armed and therefore were justified in handcuffing them for officer safety reasons.

In *White v. State*, 208 Ga. App. 885, 887-888 (432 SE2d 562) (1993), a similar case, the officer ran after a man suspected of cashing a bad check. After finding White cowering in the bushes, the officer handcuffed him. This Court found that the officer's actions were justified because "the officer remains particularly vulnerable during such a stop precisely *because* a full custodial arrest has not been effected [and] the officer must make quick decisions as to how to protect himself and others from possible danger."

Likewise, in *Holmes v. State*, 267 Ga. App. 651, 653 (601 SE2d 134) (2004), Holmes lived in a house where the owner had been arrested previously for possession of cocaine, and officers were at the house in response to suspicion of drug activity. This Court held that the officer was authorized to search Holmes for weapons because the officer testified that "in his experience, weapons were often present when drugs were involved and that Holmes' behavior made him nervous." Id.

*Walker v. State*, 299 Ga. App. 788 (683 SE2d 867) (2009), relied upon by Arnold, is not on point. In that case, the men walked away after seeing the police car. There was no evidence that any of the men had drugs and the men exhibited no threatening behavior toward the officers. Id.

2. Arnold also argues that the trial court's instruction to the deadlocked jury raised an impermissibly high risk of a coerced verdict. The record shows that after deliberating an hour, the jury sent out a note stating: "We have 6 people who find the def[endant] guilty and 6 people who find him not guilty. The charge of having a controlled substance is not a factor." The judge talked to them and asked them what they wanted to do and the foreperson replied "I think we can go a little bit longer."

The jury eventually sent out another note stating: "The Jury is hung on the charges at this time!" The trial court gave them the option of continuing their deliberations at that time, or coming in the next morning. The jury decided to come in the next morning.

After deliberating for two hours the next morning, the jury sent out another note, stating: "We have one juror which will not budge

and their stands differs from the other 11 people. This person will not change their mind per their own words."

The trial court then gave the pattern *Allen* charge to the jury. The jury subsequently reached a unanimous verdict, finding Arnold guilty of the lesser included offense of possession of cocaine.

Arnold claims that the trial court erred in giving the *Allen* charge instead of granting his motion for mistrial. We disagree.

After the trial court gave the *Allen* charge, the jury resumed deliberations and returned with a unanimous verdict.

> In addition, each of the jurors stood by that verdict upon being polled by the trial court. Under these circumstances, we cannot find that the jury was coerced into rendering its verdict, or that the trial court abused its discretion when it provided an *Allen* charge and denied [Arnold's] motion for mistrial.

*Johnson v. State,* 293 Ga. App. 32, 38 (666 SE2d 452) (2008). Moreover, the trial court was not bound by the jury's statement that it was deadlocked. See *Todd v. State,* 243 Ga. 539, 542 (255 SE2d 5) (1979) (court not required to accept jury's statement that it is "hopelessly deadlocked"). On the contrary, the trial court, in the exercise of a sound discretion, was required to make its own determination as to whether further deliberations were in order. *Sears v. State,* 270 Ga. 834, 837 (514 SE2d 426) (1999) (no error in giving a modified *Allen* charge after jury had been deliberating for nine hours and had twice informed the trial court that it was deadlocked).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED MAY 13, 2010.

*Stephen R. Scarborough,* for appellant.
*Patrick H. Head, District Attorney, Albert T. Reeves, Jr., Dana J. Norman, Assistant District Attorneys,* for appellee.